■ ROBERT WITTICH et al., Respondents, v GILBERT WALLACH et al., Appellants. [607 NYS2d 725] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered December 10, 1991, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the third and fourth causes of action asserted in the complaint and substi-

tuting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In this action to recover damages for legal malpractice, the plaintiffs claim that the defendants negligently represented them in negotiating a real estate lease and in the subsequent arbitration hearing concerning the lease. The plaintiffs contend in their first and second causes of action that the defendants' failure to include a non-disturbance provision in the lease resulted in their inability to consummate an agreement to sublet the leased property. In their third and fourth causes of action, the plaintiffs assert that the defendants' failure to ask for rescission or reformation of the lease at the arbitration hearing resulted in an inadequate award.

An action to recover damages for legal malpractice requires a showing of the negligence of the attorney, that the negligence was the proximate cause of the loss sustained, and actual damage (see, Murphy v Stein, 156 AD2d 546). It cannot be said, as a matter of law, that the failure to include a non-disturbance clause in the lease was not the proximate cause of the plaintiffs' claimed loss. There is a question of fact as to whether such a clause would have been included in the lease but for the defendants' alleged negligence. Thus, summary judgment was properly denied on the first and second causes of action.

The third and fourth causes of action, however, must be dismissed. An arbitrator has broad discretion in fashioning an award and such award is subject to limited review (see, Matter of Silverman [Benmor Coats], 61 NY2d 299). There is no basis in this case for a finding that the failure to request reformation or rescission in the arbitration proceeding proximately caused the plaintiffs' loss.

Finally, the defendants failed to demonstrate, as a matter of law, that the plaintiffs' claim for lost profits is too speculative or incapable of being proven with any reasonable certainty (see, Kenford Co. v County of Erie, 67 NY2d 257). Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.