■ GINA A. SHRADER, Individually and as Natural Parent and Guardian of DAVID M. SHRADER, an Infant, Respondent-Appellant, v VINCENT P. MONFORTE et al., Defendants, and SCOTT T. NEAHR, Appellant-Respondent. [622 NYS2d 362] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Lynch, J.), entered December 21, 1993 in Schenectady County, which denied defendant Scott T. Neahr's motion for summary judgment dismissing the complaint against him and plaintiff's cross motion for, inter alia, recusal of said defendant's counsel.

Given the asserted seriousness of the injuries sustained by plaintiff's infant and that the bill of particulars was actually served within one week of the deadline imposed by the conditional order of preclusion—which delay was apparently caused by the illness of a stenographer employed by plaintiff's counsel and resulted in no prejudice to defendants—Supreme Court's vacatur of the conditional order and direction that defendant Scott T. Neahr accept the proffered bill of particulars cannot be said to have been an abuse of discretion (see, Juers v Barry, 114 AD2d 1009; Goussous v Modern Food Mkt., 93 AD2d 417, 419-420).

There is merit, however, to plaintiff's contention that her motion for disqualification of the law firm representing Neahr should have been granted. It is undisputed that Latha Ragha-

van, an attorney presently associated with the law offices of Stephen R. Spring (which represents Neahr), was formerly associated with the firm of plaintiff's attorney, and in fact worked on this very case, on plaintiff's behalf, before leaving that firm. Having been privy to plaintiff's confidences, Raghavan herself is clearly disqualified from representing any of the defendants, and that disqualification extends to the Spring firm (see, Cardinale v Golinello, 43 NY2d 288, 296; Aversa v Taubes, 194 AD2d 579, 580).

In the absence of any indication that Neahr will be unduly burdened by the requirement that he obtain alternate counsel, the fact that Raghavan has neither done any work in connection with the case since joining the Spring firm, nor been a party to any discussion of it, does not persuade us that plaintiff should be denied the relief she seeks (see, Severino v DiIorio, 186 AD2d 178, 180; Desbiens v Ford Motor Co., 81 AD2d 707).

Mikoll, J. P., Mercure, White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's cross motion seeking to disqualify the law offices of Stephen R. Spring from representing defendant Scott T. Neahr; cross motion granted to that extent; and, as so modified, affirmed.