■ INTERNATIONAL RESCUE COMMITTEE, Appellant, v RELIANCE INSURANCE COMPANY, Respondent, et al., Defendant. [646 NYS2d 112] —Order of the Supreme Court, New York County (Ira Gammerman, J.), entered October 11, 1995, which denied plaintiff's motion for summary judgment, is affirmed, without costs or disbursements.

Plaintiff International Rescue Committee (IRC) is a nonprofit organization which provides relief and rehabilitation services to refugees and other victims of national or international strife. Plaintiff procured a voluntary workers' compensation policy from defendant Reliance Insurance Company (Reliance) for the period between November 15, 1993 and November 15, 1994. The policy contains several exclusions, one of which, at clause III (3), provides that the policy does *not* cover: "any payment to a COVERED EMPLOYEE, for any bodily injury, sickness or death arising out of war, invasion, act of foreign enemy, hostilities (whether war be declared or not), civil war, rebellion, insurrection, military or usurped power, strike, riot or civil commotion, mutiny, piracy, kidnap, or wrongful detention."

An employee of IRC was seriously injured in northwestern Somalia in late 1993 when a vehicle he was traveling in detonated a land mine. Reliance denied coverage on the basis of the exclusion set forth above, and plaintiff began this action alleging a breach of the insurance contract. Plaintiff's motion for summary judgment was denied by the IAS Court.

Initially, at the time plaintiff moved for summary judgment,

defendants had made several requests for discovery which would enable them to better oppose plaintiff's motion. Reliance had not yet had an opportunity to depose any person associated with IRC who had a detailed understanding of conditions in and around Luuq, the area where plaintiff's employee was injured by the land mine. Thus, defendant Reliance had sought the deposition of Keith Frausto, plaintiff's Director of Horn of Africa Programs, who had written a letter to another employee of plaintiff in Somalia advising that she would be working "in an area that is experiencing civil war". In addition, Reliance had not yet deposed Kenneth Turk, plaintiff's Team Leader in Luuq, who had investigated the incident involving the land mine. Therefore, at this early stage of the litigation, the IAS Court properly denied the motion for summary judgment since "it appear[ed] from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but [could not] then be stated" (CPLR 3212 [f]).

Moreover, even upon the papers submitted to the IAS Court, there were issues of fact presented as to whether, at the time of the explosion of the land mine, there were ongoing activities in Somalia which would qualify as a civil war, rebellion, or insurrection under the exclusion clause, *supra*, or whether the land mine which injured plaintiff's employee was planted in such a civil war, rebellion or insurrection. If so, the language of the exclusionary clause, quoted above, specifically excludes payment for bodily injury "arising out of" war, hostilities, civil war, rebellion, insurrection, etc. Since, on a motion for summary judgment, the opponent is entitled to all favorable inferences, the IAS Court properly found there were triable issues of fact and denied the motion (*see, Consolidated Edison Co. v Jet Asphalt Corp.*, 132 AD2d 296, 300). Concur—Sullivan, J. P., Nardelli and Williams, JJ.

Ellerin, J., dissents in a memorandum as follows: At issue on this appeal is whether a "war risk" exclusion in a voluntary workers' compensation policy relieves defendant Reliance Insurance Company ("Reliance") of its obligation to provide coverage for grievous injuries suffered by plaintiff's employee in Somalia in late 1993 when the vehicle in which he was traveling apparently hit a land mine. Because I find that plaintiff met its burden on its motion for summary judgment of demonstrating that there are no issues of fact regarding its entitlement to coverage, I would reverse.

There is no dispute that plaintiff insured has met its burden of showing that a valid insurance policy was in full force and effect and that a loss was incurred. Under these circumstances,

the burden of proof shifts to Reliance to demonstrate that an exclusion contained in the policy defeats the claim (see, *Moneta Dev. Corp. v Generali Ins. Co.*, 212 AD2d 428, 429). Moreover, it is well established that exclusionary clauses are given the interpretation most favorable to the insured (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398), and that, to avoid coverage, an insurer cannot simply offer a reasonable interpretation under which the loss is excluded, but must demonstrate that the policy exclusion "clear[ly] and unmistakabl[y]" governs the instant claim (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652).

In this matter, it should be noted at the outset that Reliance has consistently limited its invocation of the war risk exclusion to injuries arising out of "civil war", "rebellion" or "insurrection". The broadest of these three related terms is "insurrection" (see, *Home Ins. Co. v Davila*, 212 F2d 731, 735-736), which, for insurance purposes, means " '[1] a violent uprising by a group or movement [2] acting for the specific purpose of overthrowing the constituted government and seizing its powers' " (*Pan Am. World Airways v Aetna Cas. & Sur. Co.*, 505 F2d 989, 1017; *Holiday Inns v Aetna Ins. Co.*, 571 F Supp 1460, 1487).

Thus, in order to invoke the exclusion, Reliance must prove not only that the area in which the injuries were incurred was dangerous and that there was a great deal of violence, but that the violence occurred in the context of an attempted overthrow of a constituted government. In light of plaintiff's evidence that this was not the case, contrasted with Reliance's failure to present any evidence that it was, plaintiff has demonstrated that no questions of fact exist concerning its entitlement to coverage.

There is no dispute that a civil war had occurred in Somalia several years prior to the time that the injuries were incurred or that that civil war had reached the remote area, in and around Luuq, where the employee was injured in late 1993. Based on this evidence, Reliance first argues that the explosion, which was presumably caused by a land mine which was left over from that period, arose from that civil war within the meaning of the exclusionary clause. This argument should be rejected. There is no justification for permanently extending the application of the war risk exclusion, which should be interpreted narrowly and against the interest of the insurer, to exclude any injuries precipitated by the potentially lethal detritus of a war long since concluded. Indeed, this Court has held that injuries which resulted when an insured was fired

upon only days after the declaration of a cease fire by soldiers of a formerly warring state were not proximately caused by a war and therefore not excluded by a war risk exclusion (*Shneiderman v Metropolitan Cas. Co.*, 14 AD2d 284). Clearly, an accidentally detonated land mine no longer directed at any particular party but merely callously left behind to cause mindless destruction whenever someone happened upon it would be much further causally removed from the war itself, and therefore not within the meaning of the clause.

Reliance, however, also argues that there are questions of fact as to whether the civil war/insurrection which had concededly occurred in Somalia had, in fact, ended at the time of the explosion or whether it was still ongoing. Relevant to this issue, plaintiff has presented affidavits of Robert B. Oakley, United States Special Envoy for Somalia under Presidents Bush and Clinton, as well as of its injured employee and its executive vice-president, both of whom were present in the area, and unsworn declarations, made pursuant to 28 USC § 1746, from two residents of the area, all of whom state that there was no civil war or insurrection in or around Luuq in 1993.

In opposition, Reliance presented evidence establishing that the United States Department of State, the United Nations and plaintiff's own staff all viewed Somalia, and specifically the Luuq region, as very dangerous, violent, and anarchic. Reliance also clearly established that there had been a civil war in Somalia in the past. However, Reliance presented no evidence demonstrating the crucial link between the ongoing general climate of violence and a contemporaneous attempt to overthrow a government as would be necessary to invoke the exclusion. The only evidence presented by Reliance which even superficially purports to address this issue is a letter from plaintiff's own employee, Keith Frausto, addressed to another employee advising her of violent conditions in a locality which was approximately 100 miles from Luuq and which he described as "an area that is experiencing civil war". However, plaintiff clearly showed that Frausto, who was plaintiff's Director for the Horn of Africa, was in Nairobi, Kenya when he wrote this letter. There is no reason to deny summary judgment solely based on this letter or to permit further discovery relevant to this witness, who not only had no apparent personal knowledge of the situation but, who, in any case, clearly was using the term "civil war" in a casual and offhand sense, not in the specific sense crucial to insurance coverage. Nor has Reliance indicated that any other witness or information exists which might provide information contradicting plaintiff's evi-

dence that any insurrection in Somalia had ended at the time of the accident.

Thus, the evidence presented by Reliance shows only that the area was still considered very dangerous and that violence was not uncommon there, which does not, on its own, indicate that there was an ongoing insurrection. Nor has Reliance set forth any reasonable possibility that further discovery would reveal any evidence to the contrary. For these reasons, I find that summary judgment should be granted to plaintiff.