■ David C. Sutherland, Respondent, v Thering Sales and Service, Inc., Appellant. [830 NYS2d 833]—

Cardona, P.J. Appeal from an order of the Supreme Court (Coccoma, J.), entered March 17, 2006 in Delaware County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was the owner of Chapel Bank Farm, a dairy farm located in the Village of Hobart, Delaware County, which included a two-story milk house and adjoining barn. As relevant herein, the milk house contained a motorized milking and pump system. Early in the morning of May 24, 2004, plaintiff discovered that the milking system was not operational and requested a service call from defendant, a repair service with expertise in milking systems whose services plaintiff had utilized for several years. Defendant's employee, Ronald Kane, arrived shortly thereafter. Kane, who was not a licensed electrician, performed certain repairs on the system, including replacing an allegedly damaged breaker. The milk pump briefly began working, however, a fire broke out in the milk house soon thereafter. Although the cows were safely evacuated, the fire ultimately spread causing extensive damage throughout the barn.

In October 2004, plaintiff commenced this action against defendant, alleging that defendant was negligent in, among other things, failing to properly inspect and repair the milking system and said negligence was a proximate cause of the fire. Following the completion of discovery, including the submission of competing expert affidavits, defendant moved for summary judgment dismissing the complaint. Supreme Court denied that motion, prompting this appeal.

Initially, we are unpersuaded by defendant's contention that the action should be dismissed because, as a matter of law, there was no breach of defendant's limited duty of care owed as a result of its status as a repair service. While it is true that "an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects" (*Kleinberg*

*v City of New York*, 27 AD3d 317, 317 [2006]), here, plaintiff alleges, among other things, that Kane failed to ascertain why the milk pumps were not working properly on the morning of the fire and, thereafter, negligently rewired the circuit breaker and "jerry-rig[ged]" the system using an improper breaker as a "temporary fix to get things going." Given the numerous allegations of "defect[s] in defendant's work" (*Sorrento v Rice Barton Corp.*, 17 AD3d 1005, 1006, 1006 [2005]), we cannot agree that the record establishes, as a matter of law, that plaintiff's contentions fall outside defendant's duty of care.

Defendant further maintains that it is entitled to summary judgment because the record lacks proof that, even if Kane did perform certain actions improperly, the alleged negligence was not a proximate cause of the fire. We do not come to the same conclusion. Here, the record shows a conflict among the competing expert affidavits regarding the origin of the fire and how Kane's repair activities could be related. According to defendant's expert, Gary Hauf, the fire began due to an internal motor malfunction of the milking system and, therefore, Kane's actions were unrelated. On the other hand, plaintiff's expert, Thomas Conlon, asserts, among other things, that the fire began due to electrical overheating in the wiring between the circuit breaker box and the milking system caused by imprudent and incorrect alterations to the wiring and circuit breaker box by Kane, which overly stressed the wiring resulting in overheating and eventual ignition.

Viewing the evidence, including Conlon's opinion, as well as statements prepared by plaintiff's insurance investigator and the Delaware County Department of Emergency Services, in the light most favorable to plaintiff, as the nonmoving party (*see De Cicco v Longendyke*, 37 AD3d 934, 936 [2007]), we will not disturb Supreme Court's denial of defendant's motion for summary judgment.

We have examined defendant's remaining arguments and find them to be unavailing.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.