■ M & R GINSBURG, LLC, Appellant, v ORANGE CANYON DEVELOPMENT COMPANY, LLC, et al., Respondents. [893 NYS2d 369]—

Rose, J.

Plaintiff is the owner of a 1.45-acre parcel that it sought to sell for commercial development. The parcel is located across the street from property that plaintiff's principals had previously leased to a Rite Aid pharmacy, and the lease with Rite Aid includes a restrictive covenant in which the lessors agreed not to lease to or "permit" another pharmacy within one mile of Rite Aid's premises. Despite the principals' knowledge that this covenant had frustrated prior negotiations for the sale of its parcel to a party who planned to develop a pharmacy, plaintiff executed a contract to sell the parcel to defendant Orange Canyon Development Company, LLC without a pharmacy restriction. Plaintiff did, however, add a fast-food hamburger restaurant restriction to preclude development of the parcel for a use that would compete with another of its tenants. When plaintiff later learned that defendants Point Five Development, LLC and Point Five Development Glens Falls, LLC and Orange Canyon (hereinafter collectively referred to as the developers) intended to develop the property as a Walgreens pharmacy and had hidden their association with the party whose prior negotiations had failed, it attempted to cancel the contract and refused to close because the intended use allegedly would violate the lease with Rite Aid.

Plaintiff then commenced this action alleging fraud against the developers, breach of contract against plaintiff's real estate broker, defendants McDevitt Real Estate Partners, LLC and Peter V. McDevitt (hereinafter collectively referred to as the McDevitt defendants), and tortious interference with contract against the developers' real estate broker, defendants Vanguard-

Fine Retail Store Leasing, LLC and Gordon T. Heeps (hereinafter collectively referred to as the Vanguard defendants). After asserting counterclaims, the developers moved for summary judgment dismissing the complaint and granting them specific performance. Plaintiff cross-moved for partial summary judgment rescinding the real estate contract and dismissing the counterclaims. The McDevitt and Vanguard defendants also moved for summary judgment dismissing the complaint against them. Supreme Court denied plaintiff's cross motion and granted defendants' motions for summary dismissal. Plaintiff appeals, and we now affirm.

In essence, plaintiff contends that it is entitled to rescission and the developers cannot obtain specific performance because they had been aware of the pharmacy restriction due to the prior negotiations, yet fraudulently misrepresented and intentionally concealed the intended use of the parcel. The record, however, contains no evidence that the developers ever falsely stated how the parcel would be developed or in any other way induced plaintiff to believe that no restriction was needed in the sale contract to avoid breaching the lease with Rite Aid. The relevant representations are a statement made by the developers' broker to plaintiff's broker that the developers were working with different retailers and did not have a specific use in mind, and an e-mail message in which the developers' counsel said that the developers were about to "pitch" the parcel and other sites to prospective tenants. These vague and noncommittal statements could have led plaintiff to believe that a tenant had not yet been found, but not to conclude that no pharmacy would be developed and, therefore, no further use restriction was necessary. In addition, the claim of reliance upon the developers' conduct is contradicted by the deposition testimony of plaintiff's principal and its attorney in which they acknowledge that a pharmacy restriction was omitted because they had overlooked it.

Thus, plaintiff failed to establish the crucial element of justifiable reliance for its fraud and rescission claims (*see Lusins v Cohen*, 49 AD3d 1015, 1017-1018 [2008]; *Van Kleeck v Hammond*, 25 AD3d 941, 943 [2006]; *Fellion v Darling*, 14 AD3d 904, 907-908 [2005]; *Curran, Cooney, Penney v Young & Koomans*, 183 AD2d 742, 743 [1992], *lv denied* 80 NY2d 757 [1992]). Put another way, plaintiff has not shown that the pharmacy use restriction was omitted due to its reliance on the developers' misrepresentations as opposed to its own forgetfulness (*see Murphy v Kuhn*, 90 NY2d 266, 271 [1997]). Accordingly, Supreme Court properly denied plaintiff's cross motion for re-

scission and granted the developers' motion for specific performance.

In light of this determination, we find plaintiff's remaining contentions, to the extent that they are preserved for our review, to be academic.

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.