■ M & R GINSBURG, LLC, Appellant, v ORANGE CANYON DEVELOPMENT COMPANY, LLC, et al., Respondents. [923 NYS2d 226]—

Rose, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered May 11, 2010 in Saratoga County, which, among other things, denied plaintiff's motion for further discovery, and (2) from an order of said court, entered October 7, 2010 in Saratoga County, which, among other things, denied plaintiff's motion for leave to renew.

Plaintiff seeks to rescind a contract to sell a parcel of com-

mercial property to defendant Orange Canyon Development Company, LLC based on, among other things, alleged fraud in the inducement by defendants Point Five Development, LLC and Point Five Development Glens Falls, LLC and Orange Canyon (hereinafter collectively referred to as the developers). The underlying facts are more fully set forth in our previous decision which, among other things, granted defendants' motions for summary judgment dismissing plaintiff's complaint based upon a lack of justifiable reliance and awarded specific performance of the contract to the developers (*M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC*, 69 AD3d 1181 [2010]). Briefly stated, the allegation of fraud centers on the developers' failure to disclose their plan to use the parcel for a pharmacy despite their knowledge of plaintiff's connection to a nearby parcel leased to a pharmacy with a restrictive covenant precluding the lessor from permitting another pharmacy to locate within a mile of the leased premises. Plaintiff also sought recovery against its own real estate broker, defendants McDevitt Real Estate Partners, LLC and Peter V. McDevitt (hereinafter collectively referred to as the McDevitt defendants) and the developers' real estate broker, defendants Vanguard-Fine Retail Store Leasing, LLC and Gordon T. Heeps (hereinafter collectively referred to as the Vanguard defendants).

After our prior decision, plaintiff filed a series of motions seeking, in relevant part, to reopen discovery and renew its opposition to defendants' motions for summary judgment. Plaintiff based the motions on affidavits from Charles Cefalu, a real estate broker unconnected to the transaction who approached plaintiff's counsel after reading a newspaper account of our prior decision and claimed that the McDevitt defendants knew that the developers planned to develop a pharmacy at the site prior to the execution of the contract and had attempted to procure insurance to protect the developers from potential litigation. Supreme Court denied the motions and plaintiff appeals.

Plaintiff contends that the information in the Cefalu affidavits raises the inference that the developers coopted the McDevitt defendants and thereby induced a breach of the latter's fiduciary duty to disclose relevant information to plaintiff, thereby providing a basis to deny defendants' motions for summary dismissal and creating an issue of fact as to whether the developers are entitled to specific performance. The developers and the McDevitt defendants argue that plaintiff's motion to renew merely rehashes the prior allegations and that the claim of fraud still fails based on the lack of justifiable reliance. The Vanguard defendants argue that none of the new allegations affect the dismissal of the claim against them.

To be entitled to renewal, plaintiff was required to come forward with newly discovered evidence that would change the earlier determinations, as well as reasonable justification for not providing it earlier (*see* CPLR 2221 [e] [2]; *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]; *Heim v Tri-Lakes Ford Mercury, Inc.*, 25 AD3d 901, 904 [2006], *lv dismissed and denied* 6 NY3d 886 [2006]). While "we generally decline to disturb the decision to grant or deny a motion to renew," we will do so if there was an abuse of discretion (*First Union National Bank v Williams*, 45 AD3d 1029, 1030 [2007]). Here, Cefalu's allegations are material, and plaintiff met its burden on renewal of presenting a justifiable excuse for failing to provide them earlier (*see Seifts v Markle*, 211 AD2d 848, 849 [1995]; *Winch v Yates Am. Mach. Co.*, 205 AD2d 1001, 1003 [1994], *lv dismissed* 84 NY2d 1027 [1995]).

The Cefalu allegations are sufficient to change the prior determination dismissing plaintiff's claims against the McDevitt defendants because the motion by the McDevitt defendants for summary judgment was granted based on their claimed lack of knowledge as to the developers' intended use of the parcel. Affording plaintiff every favorable inference as the nonmoving party (*see Sutherland v Thering Sales & Serv., Inc.*, 38 AD3d 967, 968 [2007]), the new allegations raise reasonable inferences that the McDevitt defendants were aware of the development plans from the developers and worked to further their interests. These inferences create issues of fact as to whether the McDevitt defendants breached their duty to disclose relevant information to plaintiff and, thus, warrant denial of their motion for summary judgment.

While these new allegations are not sufficient to change our prior finding of a lack of justifiable reliance, which remains an element of a fraud cause of action (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Serbalik v General Motors Corp.*, 252 AD2d 801, 802 [1998], *lv dismissed* 92 NY2d 1001 [1998]), they do raise a triable issue as to whether the developers have unclean hands (*see Holland v Ryan*, 307 AD2d 723, 725 [2003]; *Khayyam v Diplacidi*, 167 AD2d 300, 301 [1990]). Inasmuch as the doctrine of unclean hands precludes the equitable remedy of specific performance where the party seeking the relief has committed an unconscionable act directly related to the subject matter of the litigation (*see Hytko v Hennessey*, 62 AD3d 1081, 1085-1086 [2009]; *EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 52 [2004], *lv dismissed* 3 NY3d 656 [2004], *lv denied* 3 NY3d 607 [2004]), denial of the developers' motion for summary judgment granting them specific performance is also warranted.

We are unpersuaded, however, that the Cefalu allegations are sufficient to provide a basis to change the prior determination dismissing the claim against the Vanguard defendants. Finally, we see no need to disturb Supreme Court's denial of plaintiff's initial motion for further discovery in light of our determination granting renewal as to the McDevitt defendants and the developers.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order entered May 11, 2010 is affirmed, without costs. Ordered that the order entered October 7, 2010 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to renew its opposition to motions for summary judgment by defendants McDevitt Real Estate Partners, LLC, Peter V. McDevitt, Orange Canyon Development Company, LLC, Point Five Development, LLC and Point Five Development Glens Falls, LLC; said motion granted and, upon renewal, (1) deny the motion of defendants McDevitt Real Estate Partners, LLC and Peter V. McDevitt for summary judgment dismissing the claims against them and (2) deny the motion of defendants Orange Canyon Development Company, LLC, Point Five Development, LLC and Point Five Development Glens Falls, LLC for summary judgment granting them specific performance; and, as so modified, affirmed.