M & R GINSBURG, LLC, Appellant, v SEGAL, GOLDMAN, MAZZOTTA & SIEGEL, P.C., et al., Respondents. [934 NYS2d 269]—

Rose, J.

Plaintiff and its members own a number of parcels of commercial real property, one of which is leased to a Rite Aid pharmacy with a restriction precluding plaintiff's members from directly or indirectly permitting the operation of any other pharmacy within one mile of the Rite Aid parcel. Defendants, with knowledge of that restriction as well as plaintiff's desire to account for it in the sale of its other property, represented plaintiff in connection with the sale of a parcel within one mile of the Rite Aid. Negotiations to sell the parcel in 2005 to a developer interested in building a pharmacy on it fell through after defendants raised the issue of the lease restriction and plaintiff's desire to be indemnified for any expenses or damages arising from Rite Aid's claim of a breach. In 2006, a new contract with what purported to be a different developer was executed without any reference to a pharmacy restriction or assurance as to the new developer's plans for the parcel. When it became apparent that the new developer was related to the earlier developer and intended to build a pharmacy, plaintiff refused to close the transaction and commenced an action against the developer and others to, among other things, rescind the contract based on fraud (*M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC*, 84 AD3d 1470 [2011]; *M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC*, 69 AD3d 1181 [2010]). Plaintiff also commenced this action against defendants for legal malpractice due to their failure to include a pharmacy restriction in the contract of sale or otherwise protect plaintiff from the potential for litigation with Rite Aid if a pharmacy were to be developed on the parcel. After joinder of issue, defendants moved for summary judgment. Supreme Court, concluding that any damages incurred by plaintiff were speculative, granted the motion and dismissed the complaint. Plaintiff appeals.

An action to recover damages for legal malpractice requires a showing that the attorney was negligent in handling the plaintiff's matter, that such negligence proximately caused a

loss and that the plaintiff sustained actual and ascertainable damages (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Brodeur v Hayes*, 18 AD3d 979, 980 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]). An attorney's negligence is defined as the failure "to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*McCoy v Feinman*, 99 NY2d 295, 301 [2002], quoting *Darby & Darby v VSI Intl.*, 95 NY2d 308, 313 [2000]; *see Benaquista v Burke*, 74 AD3d 1514, 1515 [2010]). To establish proximate cause in the factual situation here, a plaintiff must show that, but for the attorney's negligence, he or she would not have incurred damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Barnett v Schwartz*, 47 AD3d 197, 203-205 [2007]).

Initially, we cannot agree with defendants that they are entitled to a determination that they were not negligent as a matter of law. In support of their contention that they exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, defendants submitted an affidavit from defendant Debra Lambek in which she claimed that, although the Rite Aid lease restriction was referred to as part of the proposed 2005 contract, she did not include any reference to it in the 2006 contract because it was personal to plaintiff and, as such, did not apply to the premises being sold. Further, according to Lambek, plaintiff was aware that no pharmacy restriction was included in the 2006 contract prior to executing it. Defendants also submitted an expert affidavit in support of their position. Plaintiff opposed the motion with an affidavit from one of its members, Michael Ginsburg, in which he claimed that defendants were aware that he did not want the property to be sold for use as a pharmacy and that, when he was presented with the 2006 contract of sale, it was his understanding that defendants had accounted for his concerns. Plaintiff also submitted its own expert affidavit as well as Lambek's examination before trial testimony from the fraud action. There, Lambek had testified that, as part of the negotiation of the 2005 sale, plaintiff demanded an indemnification clause to protect it against any claim by Rite Aid that plaintiff had violated the lease restriction, and that she forgot to include any reference to the restriction in negotiating the 2006 contract. Given this conflicting evidence, issues of fact exist as to whether defendants were negligent (*see Wittich v Wallach*, 201 AD2d 558, 559 [1994]; *Canavan v Steenburg*, 170 AD2d 858, 859 [1991]; *Bloom v Kernan*, 146 AD2d 916, 917 [1989]).

As for actual damages, Supreme Court concluded that whether the developer would build a pharmacy and whether Rite Aid would sue or withhold rent as a result were speculative. Accordingly, Supreme Court held that plaintiff was incapable of establishing that defendants' negligence was the proximate cause of any damages. We cannot agree. Defendants did not dispute that a pharmacy was planned by the developer. Nor could they, given their involvement in the 2006 contract negotiations and their ensuing knowledge of the basis for the fraud action against the developer. Accordingly, defendants have made no showing to warrant a finding that development of a pharmacy was speculative as a matter of law (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Ashley v Maney, McConville & Liccardi*, 251 AD2d 862, 864 [1998]).

Further, despite defendants' contention that the Rite Aid lease restriction is personal to plaintiff and does not apply to the premises being sold, a triable issue of fact exists as to whether the development of a pharmacy would cause Rite Aid to seek to enforce the lease restriction against plaintiff. Specifically, Ginsburg recounts in his affidavit that he contacted Lambek when, after the 2006 contract was executed, he learned of the developer's intent to build a pharmacy. He contends that she told him that the developer could not build a pharmacy, only to later acknowledge that the pharmacy restriction had not been accounted for in the contract. Ginsburg then met with Lambek and Jeffrey Siegel, a member of defendant law firm. According to Ginsburg, they never told him that Rite Aid would not seek to enforce the restriction, but instead that he was facing litigation whether he closed on the contract or not. Defendants concede that Lambek and Siegel advised Ginsburg that Rite Aid may sue plaintiff if a pharmacy were to be developed on the property, but they argue that such a lawsuit would be defensible. Their argument, however, is irrelevant. Plaintiff does not allege as the basis of its claim of defendants' negligence that Rite Aid will prevail in any such action. Rather, plaintiff's claim is that it employed defendants to, among other things, protect plaintiff from the risk that Rite Aid would sue or withhold rent if a pharmacy were to be developed. Plaintiff also presented expert proof that withholding of rent or a lawsuit by Rite Aid to enforce the restriction would be reasonable and not frivolous, and that plaintiff faced a risk of significant financial harm if it closed on the 2006 contract.

Viewing the evidence in a light most favorable to plaintiff as the nonmoving party (see *Sutherland v Thering Sales & Serv., Inc.*, 38 AD3d 967, 968 [2007]), there is at least a question of

fact as to whether a pharmacy would be built and whether Rite Aid would then seek to enforce the restriction against plaintiff by suing or withholding rent. In the event that the jury resolves those questions in plaintiff's favor, the jury could then reasonably conclude that, but for defendants' alleged negligence, plaintiff would not have incurred the expense of attempting to mitigate damages by preventing the development of a pharmacy. In that event, actual damages would include " 'litigation expenses incurred in an attempt to avoid, minimize or reduce the damage caused by the attorney's wrongful conduct' " (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443, quoting *DePinto v Rosenthal & Curry*, 237 AD2d 482, 482 [1997]). In view of these issues of fact as to negligence and proximate cause, defendants' motion for summary judgment should have been denied.

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.