■ CYNTHIA PREMO et al., Respondents, v DONNA ROSA et al., Appellants. [940 NYS2d 199]—

Egan Jr., J. Appeals (1) from an order of the Supreme Court (Sherman, J.), entered November 17, 2010 in Tompkins County, which, among other things, granted plaintiffs' motion for reconsideration, and (2) from an order of said court, entered March 1, 2011, which denied defendants' motion to renew.

Plaintiff Cynthia Premo and her husband, derivatively, commenced this action seeking to recover for personal injuries allegedly sustained in January 2003 when the vehicle in which Premo was a passenger was struck from behind by a vehicle owned by defendant Donna Rosa and operated by defendant Carlos Garcia in the Town of Ithaca, Tompkins County. Accord-

ing to plaintiffs, Premo sustained various injuries including, insofar as is relevant here, bilateral carpal tunnel syndrome. Following joinder of issue and discovery, defendants moved to compel plaintiffs to disclose, among other things, additional information and medical authorizations relative to treatment that Premo previously received for carpal tunnel syndrome—specifically, surgery that Premo underwent on her right wrist in or about 1986. Ultimately, in July 2010, Supreme Court issued an amended order directing plaintiffs to provide authorizations for all of Premo's medical records maintained by her treating physician and Cayuga Medical Center—the facility where Premo believed her prior surgery took place—during a specified time period and granted defendants a conditional order of preclusion. Although the additional medical authorizations were provided, the documents were tendered outside the 30-day compliance window established by Supreme Court and, as a result, the court precluded plaintiffs from introducing evidence of Premo's claimed bilateral carpal tunnel injuries at trial.

Plaintiffs thereafter moved to renew and/or reargue defendants' motion to compel and, by order entered November 17, 2010, Supreme Court granted plaintiffs' motion and vacated the order of preclusion. Following additional discovery, defendants moved to renew and vacate Supreme Court's November 2010 order contending, in essence, that plaintiffs refused to accurately identify the facility at which Premo's prior surgery occurred. By order entered March 1, 2011, Supreme Court denied defendants' motion, and these appeals by defendants ensued.

We affirm. As we recently reiterated, "a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action" (*Cochran v Cayuga Med. Ctr. At Ithaca*, 90 AD3d 1227, 1227 [2011] [internal quotation marks and citation omitted]). The same holds true for a trial court's decision to grant or deny a motion to renew; generally, absent an abuse of discretion, we will not intervene (*see VanZandt v VanZandt*, 88 AD3d 1232, 1233 [2011]; *M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC*, 84 AD3d 1470, 1472 [2011]; *Kahn v Levy*, 52 AD3d 928, 929 [2008]).

To prevail on their motion to renew, plaintiffs were required to provide both newly discovered evidence—sufficient to change Supreme Court's prior determination—and a reasonable justification for not tendering such evidence at an earlier date (*see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]; *M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC*, 84 AD3d at 1472; *Alexy v Stein*, 16 AD3d 989, 990-991 [2005], *lv dismissed*

*and denied* 5 NY3d 755 [2005]). Here, an investigator for plaintiffs' counsel averred that his recent search of the relevant medical facilities revealed that the records sought by defendants no longer existed due to the passage of time. Specifically, the investigator indicated that he was advised by medical records personnel that Cayuga Medical Center—where Premo believed her surgery took place in or about 1986—could only provide records dating back 10 years and that Cayuga Neurological Services—where Premo apparently was treated for her carpal tunnel syndrome—had no records for Premo prior to 2003. As for the delay in tendering such information and/or complying with Supreme Court's prior directives, Supreme Court accepted counsel's explanation of law office failure, which apparently was occasioned by counsel's vacation absence, and concluded that plaintiffs were not intentionally hiding relevant medical information from defendants but, rather, had "exhausted all reasonable avenues of providing [such] information." Inasmuch as the requested authorizations were served shortly after the deadline set forth in the order of preclusion (*cf. Shrader v Monforte*, 212 AD2d 874, 874 [1995]) and given Supreme Court's implicit finding that plaintiffs diligently attempted to unearth the sought-after records (*cf. De Cicco v Longendyke*, 37 AD3d 934, 935 [2007]), we cannot say that Supreme Court abused its discretion in granting plaintiffs' motion to renew.

We reach a similar conclusion regarding the denial of defendants' motion to renew. Defendants argued that because their further investigation—as documented in the record—revealed that no one bearing Premo's current married name* had any surgery whatsoever at Cayuga Medical Center between 1982 and 1991, plaintiffs necessarily failed to accurately disclose the site of Premo's prior carpal tunnel surgery and, hence, were in violation of Supreme Court's prior directive. Supreme Court, however, found that defendants' submissions were insufficient to establish that plaintiffs were "intentionally hiding information relative to this prior surgical procedure," and we discern no basis upon which to disturb Supreme Court's sound decision in this regard.

Mercure, A.P.J., Spain, Kavanagh and Stein, JJ., concur. Ordered that the orders are affirmed, with costs.

 ---

* It is unclear whether such records were searched using either Premo's single or previous married name.