## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 23, 2014          517361
_____

M & R GINSBURG, LLC,

                     Plaintiff,

        v

SEGEL, GOLDMAN, MAZZOTTA &
    SIEGEL, P.C., et al.,
                     Defendants
                     and Third-
                     Party                MEMORANDUM AND ORDER
                     Plaintiffs-
                     Appellants;

GLEASON, DUNN, WALSH AND
    O'SHEA, P.C., et al.,
                     Third-Party
                     Defendants-
                     Respondents.

_____

Calendar Date:  September 3, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                    _____

        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Laurence F.
Sovik of counsel), for defendants and third-party plaintiffs-
appellants.

        Hiscock & Barclay, Albany (David B. Cabiniss of counsel),
for third-party defendants-respondents.

                    _____

Lahtinen, J.

Appeal from an order of the Supreme Court (Nolan Jr., J.), entered November 27, 2012 in Saratoga County, which granted third-party defendants' motion for summary judgment dismissing the third-party complaint.

The underlying facts are set forth fully in our decision in a prior appeal in this legal malpractice action (90 AD3d 1208 [2011]), as well as our decisions in two appeals involving litigation relevant to this action (M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC, 84 AD3d 1470 [2011]; M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC, 69 AD3d 1181 [2010]). Plaintiff commenced this malpractice action against defendants in 2009. In 2012, defendants brought the third-party action alleging that, after their purported malpractice, legal advice by third-party defendants resulted in unnecessary litigation that exacerbated plaintiff's damages. Third-party defendants moved to dismiss the third-party complaint, which was treated by the parties and Supreme Court as a motion for summary judgment (see Gregware v Key Bank of N.Y., 218 AD2d 859, 861 [1995], lv denied 87 NY2d 803 [1995]).[1] Supreme Court granted third-party defendants' motion and defendants appeal.

We affirm. Third-party defendants established with regard to the complex legal issue facing plaintiff that the legal course they recommended — after consulting with plaintiff and defendants — was "one among several reasonable courses of action [and did] not constitute malpractice" (Rosner v Paley, 65 NY2d 736, 738 [1985]; see Bixby v Somerville, 62 AD3d 1137, 1139 [2009]). Although defendants speculate that a different strategy might have ultimately led to a more beneficial result for plaintiff,

---

[1] Although summary judgment was not listed as a form of relief in their notice of motion, third-party defendants set forth and argued for, among other things, summary judgment in an affidavit submitted with their motion. Defendants do not challenge on appeal the treatment of the motion as one for summary judgment, and the record reflects that the parties charted a summary judgment course.

such speculation as to other possible legal avenues is insufficient to implicate malpractice (see Rosner v Paley, 65 NY2d at 738).  Defendants' allegations and proof regarding third-party defendants' representation of plaintiff did not raise a triable issue when measured by the applicable standard in a legal malpractice action (see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP, 301 AD2d 63, 69 [2002]; Bassim v Halliday, 234 AD2d 628, 630 [1996], appeal dismissed 89 NY2d 1001 [1997]; Bernstein v Oppenheim & Co., 160 AD2d 428, 430 [1990]).

Third-party defendants' argument regarding the effect on this appeal of a general release that they recently received from plaintiff, which is not in the record, is academic.

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court