**Allen v Thompson**

2025 NY Slip Op 31783(U)

May 15, 2025

Supreme Court, New York County

Docket Number: Index No. 160342/2020

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**

*Justice*

PART      57M

-------------------------------------------------------------------------X

ANU ALLEN

Plaintiff,

- v -

CHRISTOPHER THOMPSON,

Defendant.

-------------------------------------------------------------------------X

INDEX NO.          160342/2020

MOTION DATE        03/10/2025

MOTION SEQ. NO.        004

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 103, 105, 107, 108, 109, 110, 111

were read on this motion to/for          SUMMARY JUDGMENT          .

## BACKGROUND

Defendant has been sued for legal malpractice and breach of contract.  Defendant now moves for summary judgment and dismissal of the action.  For the reasons set forth below, the motion is denied.

## ALLEGED FACTS

On or about February 28, 2012, Plaintiff was terminated from Chanel, Inc. after nineteen (19) years of employment. Plaintiff was offered a severance package of $21,789.20 and five (5) months of paid COBRA. Plaintiff was not satisfied with this arrangement and believed that her employment was terminated on the basis of discrimination.

Plaintiff decided to consult an attorney, but was unable to pay for one, so she approached Defendant, an attorney with whom she was acquainted through a mutual friend, about negotiating a Separation and Release Agreement.

160342/2020   ALLEN, ANU vs. THOMPSON, ESQ., CHRISTOPHER
Motion No.  004

Page 1 of 7

1 of 7

[* 1]

Defendant agreed to negotiate on Plaintiff's behalf, and though the parties did not discuss payment for said negotiations. it was agreed that when Plaintiff sued for discrimination, Defendant would file the case and get a contingency percentage if successful.

When Defendant received the proposed agreement from Chanel, he advised Plaintiff he had changed one word, "including" to "excluding," and told her to initial each page of the agreement, indicate the change with a post-it note, and then forward the signed agreement to the legal department of the Company.

This one change to the agreement made by Defendant, excluded from the release any right arising under Title VII, the New York State Human Rights Law and the New York City Human Rights Law, thereby allowing Plaintiff to still file a lawsuit under these statutes.

Plaintiff alleges that Defendant directed this change and that she followed his instructions unaware that the change that he made was inappropriate, unethical, deceptive or contrary to the deal made with my former employer during his negotiations. After Plaintiff sent the agreement to the Chanel, Defendant told Plaintiff that he had spoken to a representative of the Company, and that they had agreed to the change.

Subsequently, on or about September 6, 2012, Defendant filed a discrimination lawsuit on Plaintiff's behalf in the United States District Court for the Southern District of New York (Allen v. Chanel Inc., et al., 12-cv-6758 (LAP)). The discrimination suit alleged that Plaintiff was terminated due to her age and race. Chanel moved to dismiss the case. Judge Robert Patterson denied the motion on the grounds that Plaintiff had not knowingly or voluntarily waived any of her rights to file a discrimination lawsuit against Chanel.

On or about December 3, 2012, Defendant provided Plaintiff with an affidavit that he had prepared and instructed Plaintiff to sign. The affidavit stated that Plaintiff, herself, was

160342/2020   ALLEN, ANU vs. THOMPSON, ESQ., CHRISTOPHER                    Page 2 of 7
Motion No.  004

2 of 7

[* 2]

INDEX NO. 160342/2020

RECEIVED NYSCEF: 05/15/2025

personally responsible for modifying the agreement and not Defendant. Plaintiff questioned Defendant as to why the affidavit was worded that way and was told by Defendant that legally this is the way that it had to be done. Plaintiff asserts that Defendant pressured her into signing signed the affidavit.

On or about June 18, 2013, Chanel filed a counterclaim in the Discrimination Suit against Plaintiff. The counterclaim alleged that Plaintiff knowingly and fraudulently misrepresented the severance agreement to Chanel and demanded that they be reimbursed the amount already paid in severance, as well as for the costs of defending the discrimination lawsuit.

Chanel then filed a motion for summary judgment on their counterclaim as well as on the discrimination claims. On or about November 13, 2014, Judge Loretta Preska ruled in favor of Chanel and dismissed Plaintiff's case and upholding and awarding damages to Chanel on the counterclaims.

In or about December 2014, Plaintiff and Chanel entered into an agreement whereby Plaintiff was to repay the severance amount of $14,940.19, plus interest, and return the premium payments for COBRA, plus interest. Finally, Plaintiff was to return to Chanel her personnel file and waive any rights to appeal Judge Preska's decision. In exchange, Chanel would agree to refrain from suing Plaintiff for fraud with regard to the altered document.

Plaintiff expressed the importance of having this Discrimination Suit sealed upon completion, as it would harm Plaintiff's job and career opportunities. Plaintiff was continuously assured by Defendant that he would make sure it was sealed and there was nothing to worry about. Negotiations regarding the settlement agreement continued and on or about April 16, 2017, Defendant sent Plaintiff a new settlement agreement and general release from Chanel, Inc. that contained a new confidentiality provision stating that if Plaintiff or any other person acting

as her agent ever discusses the claims or the settlement agreement, Plaintiff would be required to pay Chanel $10,000.00 for each and every breach of the confidentiality provision plus any attorney's fees. Plaintiff requested numerous times that this provision be taken out of the agreement, but Defendant refused to negotiate with Chanel and stated that he wanted the case to be over with.

On or about April 21, 2017, Plaintiff contacted Peter Ginsberg, Esq., a friend, who agreed to review this new settlement and release agreement and address some of Plaintiff's concerns. Mr. Ginsberg's office then contacted Defendant regarding certain changes to the agreement. Defendant informed Mr. Ginsberg that he did not believe that Chanel would go along with those changes, but that he would pass along the revised version of the agreement. In or about April 2018, Plaintiff was searching for new employment opportunities and realized that her lawsuit had never been sealed. Plaintiff alleges that the information about the case was harming her chances of finding new employment.

In or about February 19, 2019, Plaintiff contacted Defendant expressing surprise that the case was never sealed, and Defendant attempted to shift the blame and make other excuses for why it was not sealed. Defendant informed Plaintiff that the only way to now seal the case would be to file an Order to Show Cause with Judge Preska. Defendant proceeded to hang up the phone on Plaintiff. Plaintiff tried numerous other times to get in touch with Defendant but was unable to do so.

In 2020, Plaintiff filed a motion to seal the case, which Judge Preska granted. Shortly after, third parties moved for the case to be unsealed on First Amendment grounds. The case was unsealed and remains unsealed to this day.

160342/2020   ALLEN, ANU vs. THOMPSON, ESQ., CHRISTOPHER          Page 4 of 7
Motion No.  004

4 of 7

[* 4]

## DISCUSSION

Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist, and the movant is entitled to judgment as a matter of law. *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). To establish entitlement to summary judgment, the moving party is required to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." *Winegrad v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851 (1985). Only if the moving party satisfies this burden does the burden shift to the nonmoving party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Alvarez v. Prospect Hospital* 68 N.Y.2d 320, 324 (1986).

The Court must view the evidence "in a light most favorable to the party opposing the motion, giving [that party] the benefit of every favorable inference." *International Rescue Committee v. Reliance Insurance Co.*, 230 A.D.2d 641 (1st Dep't 1996).

"On its motion for summary judgment, Plaintiffs had the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212[b]; *Zuckerman v. City of New York,* 49 N.Y.2d 557, 561, 427 N.Y.S.2d 595, 404 N.E.2d 718)." *Englington Med., P.C. v. Motor Vehicle Acc. Indem. Corp.*, 81 A.D.3d 223, 229 (2011).

Where the only direct evidence available centers around what the parties allegedly said or did, an assessment of party credibility is required which, at summary judgment is necessarily resolved in favor of the nonmovant. *Harty v. Kornish Distributors, Inc.*, 119 A.D.2d 729 (2d Dept. 1986).

In a legal malpractice action, a plaintiff must demonstrate that the defendant "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession [and] the attorney's breach of this professional duty caused the plaintiff's actual damages." *McCoy v. Feinman*, 99 N.Y.2d 295, 301–302 [2002]; *see Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 [2007]; *M & R Ginsburg, LLC v. Segal, Goldman, Mazzotta & Siegel, P.C.*, 90 A.D.3d 1208, 1208–1209 [2011].

"… (A) defendant seeking dismissal of a malpractice case against him has the movant's burden of making a prima facie showing of entitlement to summary judgment (*see Suppiah v Kalish*, 76 AD3d 829 [2010])." *Sabalza v. Salgado*, 85 A.D.3d 436, 437 (1ST Dept., 2011).

> "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise [the requisite] skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (*Casey v. Exum*, 219 A.D.3d 456, 457, 194 N.Y.S.3d 89 [internal quotation marks omitted]). In other words, the "defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied" (*Schmidt v. Burner*, 202 A.D.3d 1117, 1119, 159 N.Y.S.3d 899). "The defendant must affirmatively demonstrate the absence of one of the elements of legal malpractice, rather than merely pointing out gaps in the plaintiff's proof" (*id.* at 1119–1120, 159 N.Y.S.3d 899; see *Kempf v. Magida*, 116 A.D.3d 736, 736, 982 N.Y.S.2d 916). "If the defendant meets that burden, the burden shifts to the plaintiff to raise a triable issue of fact" (*Casey v. Exum*, 219 A.D.3d at 457, 194 N.Y.S.3d 89).

*Kliger-Weiss Infosystems, Inc. v. Ruskin Moscou Faltischek, P.C.*, 235 A.D.3d 857, 859 (2025).

Defendant failed to meet his initial burden of presenting evidence in admissible form establishing that he exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession in discharging his obligations to plaintiff (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Geraci v Munnelly*, 85 AD3d 1361, 1362 [2011]; *Adamski v Lama*, 56 AD3d 1071, 1072 [2008]). The issue of the adequacy of the professional services provided requires a professional or expert opinion to define the standard of professional care and skill owed to plaintiff and to establish whether the

**160342/2020   ALLEN, ANU vs. THOMPSON, ESQ., CHRISTOPHER**                                    **Page 6 of 7**
  **Motion No.  004**

6 of 7

[* 6]

attorney's conduct complied with that standard (*see Tabner v Drake*, 9 AD3d 606, 610 [2004]; *Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]; *Greene v Payne, Wood & Littlejohn*, 197 AD2d 664, 666 [1993]).

As to the breach of contract claim, there are disputed issues of fact about what the parties did and did not agree to in terms of whether Defendant had agreed to have the case sealed.

Based on all of the foregoing, Defendant's motion for summary judgment is denied.

This constitutes the decision and order of the Court.

20250515132241SBKRAUS4A91AD05D8E24AA0AEF36FEAC2EBB76A

| 5/15/2025 | | | |
|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160342/2020   ALLEN, ANU vs. THOMPSON, ESQ., CHRISTOPHER**
**Motion No.  004**

**Page 7 of 7**

[* 7]