Fattorusso v Burton (2026 NY Slip Op 00045)

Fattorusso v Burton

2026 NY Slip Op 00045

Decided on January 8, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 8, 2026

CV-25-0420
[*1]Anne Marie Fattorusso, Appellant,
vRaymond Burton, Also Known as Raymond B. Burton, et al., Respondents.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Sutton Sachs Meyer PLLC, New York City (Zachary G. Meyer of counsel), for appellant.
Couch White, LLP, Albany (Adrianne M. Meicht of counsel), for respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Daniel Lynch, J.), entered February 24, 2025 in Columbia County, which, among other things, denied plaintiff's motion for leave to renew.
In February 2018, plaintiff commenced an action against defendant Raymond Burton (hereinafter defendant) alleging workplace sexual harassment. While that action was pending, defendant conveyed his marital residence via quitclaim deed to defendant Delores Burton, defendant's former spouse. In May 2023, plaintiff obtained a judgment against defendant in the amount of $460,775 and thereafter commenced this action alleging that the conveyance constituted a fraudulent transfer under the Uniform Voidable Transactions Act (see Debtor and Creditor Law art 10 [hereinafter UVTA]). Following joinder of issue, plaintiff moved for summary judgment. Supreme Court
(S. McGinty, J.) ruled that plaintiff was entitled to partial summary judgment on the badges of fraud arising from defendant's postconveyance possession of the marital residence and his knowledge of plaintiff's claim at the time of the conveyance. The court otherwise denied plaintiff's motion, noting that the challenged conveyance predated the UVTA's April 2020 enactment and, under the law applicable in February 2019, triable issues of fact existed with respect to the elements of fair consideration and insolvency (see Debtor and Creditor Law former § 273; Matter of Schiffman v Affordable Shoes, Ltd., 238 AD3d 770, 772 [2d Dept 2025]). Discovery ensued, and plaintiff subsequently moved for leave to renew her summary judgment motion pursuant to CPLR 2221 (e), arguing that renewal was warranted because discovery yielded additional financial evidence purportedly establishing the missing elements and because her failure to submit that evidence on the prior motion was due to her reliance on the UVTA. Supreme Court (D. Lynch, J.) denied the motion, and plaintiff appeals. We affirm.
A motion for leave to renew must "be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Iannotti v Two Plus Four Mgt. Co., 209 AD3d 1248, 1249 [3d Dept 2022]). "A renewal motion is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance, and the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion" (Holtz v Blackstone Bldrs. Holding Co., LLC, 235 AD3d 1207, 1208 [3d Dept 2025] [internal quotation marks and citations omitted]; see Premo v Rosa, 93 AD3d 919, 920 [3d Dept 2012]).
In seeking renewal, plaintiff attempted to correct deficiencies identified in the prior order by submitting admissions and financial information obtained from defendant in discovery[*2], asserting that her failure to include this proof on the prior motion should be excused because she misapprehended the applicable legal framework. Even assuming the additional proof "would change the prior determination" (CPLR 2221 [e] [2]), the applicability of Debtor and Creditor Law former article 10 to the February 2019 conveyance was a matter of law ascertainable when plaintiff filed her prior motion. Thus, in our view, the omission of evidence directed at all dispositive elements under the correct statute constitutes a failure to exercise due diligence in making the initial factual presentation (see Sutton v Syla, 223 AD3d 764, 766 [2d Dept 2024]; compare Premo v Rosa, 93 AD3d at 921; Wilcox v Winter, 282 AD2d 862, 863-864 [3d Dept 2001]; Kaiser v J & S Realty, 194 AD2d 1034, 1034 [3d Dept 1993]). Plaintiff points out that the additional proof of defendant's alleged insolvency and lack of fair consideration was brought out only during discovery and therefore could not have been submitted with the summary judgment motion. Yet, the timing of that prediscovery motion was a strategic choice, and "she cannot now be heard to complain that she was unable to obtain the evidence necessary to support her prior motion for summary judgment" (Perretta v New York City Tr. Auth., 230 AD3d 428, 431 [1st Dept 2024]). Under these circumstances, Supreme Court providently exercised its discretion in denying leave to renew. Plaintiff's remaining contentions have been reviewed and deemed meritless.
Garry, P.J., Clark, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.