■ JANET RAMOS, an Infant, by Her Mother and Natural Guardian, LUZ RAMOS, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [609 NYS2d 623] —In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated March 23, 1992, which directed the appellant to produce its employee Heriberto Valentine for an examination before trial and to provide maintenance and/or repair records with regard to the claimed defective bench behind the premises at 725 Stanley Avenue in Brooklyn.

Ordered that the order is modified, on the law, by deleting the provision thereof which directed the appellant to provide maintenance and/or repair records with regard to the claimed defective bench behind the premises at 725 Stanley Avenue in Brooklyn; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the direction in the order appealed from to the appellant to produce records of maintenance and/or repairs made in connection with the allegedly defective bench during the period subsequent to the date of the accident exceeded the bounds of proper discovery *(see, Klatz v Armor El. Co.,* 93 AD2d 633). There has been no showing that the case falls within the exception to the general rule prohibiting discovery of subsequent repairs in a negligence case *(see, Klatz v Armor El. Co., supra).*

Since the information provided by the original witness

proved inadequate, we additionally conclude that the court properly granted the plaintiffs the opportunity to conduct a deposition of the appellant by a second witness possessing sufficient knowledge of the relevant circumstances (see, Silk v City of New York, 142 AD2d 724; Federal Natl. Mtge. Assn. v New York Prop. Ins. Underwriting Assn., 90 AD2d 787). Bracken, J. P., Miller, Santucci and Altman, JJ., concur.