■ GABRIELA BUNEA et al., Appellants, v JOSEPH CAHALY, Respondent. [829 NYS2d 638]—

In an action to recover damages for dental malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Sampson, J.), dated May 16, 2005, which, upon an order of the same court granting the defendant's motion for judgment as a matter of law pursuant to CPLR 4401, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiffs commenced this action to recover damages for

dental malpractice following oral surgery performed by the defendant. At trial, the defendant, called as a witness by the plaintiffs, claimed that the injured plaintiff's impairment of the mental nerve was the result of scar tissue which adhered to the mental nerve. The defendant prepared no notes as to what occurred during surgery. It was therefore impossible to determine what type of trauma was inflicted upon the nerve.

The plaintiffs' expert, Dr. William Donlon, testified that scar tissue was not a cause of the condition since the condition appeared immediately after surgery. Dr. Donlon testified that the status of the nerve should have been determined before the defendant sutured the wound and that failure to do so was a departure from accepted standards of care which substantially contributed to the injury. Moreover, according to Dr. Donlon, there was a departure from the accepted standard of care in failing to perform a baseline mapping of the nerve. The failure to map the nerve led "to the inability to intervene, or even evaluate the patient for possible interventions in a timely fashion." Further, Dr. Donlon testified that it was a departure from the accepted standard of care not to refer the injured plaintiff to a nerve specialist after surgery and that this failure "led directly to the permanency of the condition." On cross-examination Dr. Donlon testified that "[t]here were treatments that could have helped her with a reasonable degree of medical certainty."

The defendant, testifying for the defense, acknowledged that he did not perform neurosensory mapping. However, he claimed he did not do so on the ground that the injured plaintiff showed "continued improvement" and on the ground that a mental nerve injury is "not amenable to microsurgery." In further support of his contentions, the defendant presented the testimony of Dr. Salvatore Ruggerio that "[i]t's not absolutely essential that that kind of mapping gets done" on the ground that "in all likelihood this patient is not going to be a candidate for any surgical repair."

"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Borawski v Huang*, 34 AD3d 409 [2006]; *see Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]). With respect to causation, the plaintiff need only submit sufficient evidence from which a reasonable person might conclude that it was more probable than not that the injury was caused by the defendant (*see Borawski v*

*Huang, supra; Hughes v New York Hosp.-Cornell Med. Ctr.*, 195 AD2d 442, 443-444 [1993]).

In the instant case, the defendant's claim that the nerve condition became permanent as the result of adhesion of scar tissue was refuted by Dr. Donlon and ultimately by his own testimony that the injury to the nerve may have occurred when he peeled a cystic sac off the nerve. It is undisputed that the defendant failed to perform neurosensory mapping to determine the status of the nerve after surgery. Further, the defendant failed to refer the injured plaintiff to a nerve specialist which, in Dr. Donlon's opinion, "led directly to the permanency of the condition."

The testimony submitted by the defendant that a delay in diagnosing the trauma to the injured plaintiff's mental nerve did not contribute to her condition presented an issue of credibility which should have been submitted to the jury (*see Hughes v New York Hosp.-Cornell Med. Ctr., supra* at 444). Crane, J.P., Rivera, Goldstein and Dickerson, JJ., concur.