■ BESSIE McNEILL et al., Appellants, v CITY OF NEW YORK, Respondent. [836 NYS2d 279]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated February 8, 2006, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied their cross motion for further discovery.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the plaintiffs' cross motion for further discovery in its entirety and substituting therefor a provision granting the cross motion to the extent that the defendant is directed to produce, for deposition by the plaintiffs, a witness who has personal knowledge based upon a search of the records relevant to this case, and otherwise denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Kings County, to set the schedule for the completion of discovery, including the deposition of the witness to be produced by the City of New York.

The City of New York did not establish its entitlement to judgment as a matter of law on the issue of whether it received prior written notice of the alleged defect (*see* Administrative Code of City of NY § 7-201 [c] [2]). In support of its motion, the City submitted the deposition testimony of a New York City Department of Transportation (hereinafter DOT) employee that someone else in her office had conducted a search of its records and found no record of work done at the site of the accident, or of complaints of a dangerous condition at the site of the accident. Her testimony was insufficient on the ground that it was not based upon her personal knowledge (*see Akcelik v Town of Islip*, 38 AD3d 483 [2007]; *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2006]; *Dabbs v City of Peekskill*, 178 AD2d 577 [1991]).

At the conclusion of the deposition of the DOT employee, the plaintiffs' attorney took "exception" to the City "producing somebody with no personal knowledge of anything fundamen-

tally related to this case." While a municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for an examination before trial, a plaintiff may demand the production of additional witnesses, upon a showing that the representative already deposed had insufficient knowledge or was otherwise inadequate (*see Pomilio-Young v City of New York*, 7 AD3d 600 [2004]). The witness produced by the City was not adequate. Accordingly, the City should produce a witness who has personal knowledge based upon a search of the records relevant to this case (*see Ramos v New York City Hous. Auth.*, 202 AD2d 563 [1994]; *Silk v City of New York*, 142 AD2d 724 [1988]).

The plaintiffs' cross motion for further discovery requested the production of a witness from the Bureau of Highways and the Department of Environmental Protection, and "complete records . . . regarding the roadway in question," including records maintained by the Department of Environmental Protection, the Office of the Comptroller of the City of New York (hereinafter the Comptroller), and the New York City Department of Design and Construction. The City noted that the plaintiffs' attorney could examine the Comptroller's records of notices of claim by appointment. Therefore, the plaintiffs' cross motion should have been granted only to the extent of directing the City to produce a witness with personal knowledge based upon a search of the records relevant to this case for deposition by the plaintiffs, and otherwise denied.

The City's remaining contentions are without merit. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.