Peters, PJ.
Appeals (1) from that part of an order of the Supreme Court (Devine, J.), entered December 16, 2012 in Albany County, which denied plaintiffs’ motion to compel certain discovery from defendant County of Suffolk, and (2) from that part of an order of said court, entered January 30, 2013 in Albany County, which denied plaintiffs’ motion to renew.
The underlying facts of this class action lawsuit challenging the adequacy of defendant State of New York’s public defense system are fully documented in our prior decisions (81 AD3d 69 [2011]; 75 AD3d 667 [2010]; 66 AD3d 84 [2009], mod 15 NY3d 8 [2010]).[1] Following extensive discovery, plaintiffs moved to compel defendant County of Suffolk (hereinafter defendant), among others, to provide complete responses to their discovery requests and to produce knowledgeable witnesses in response to their deposition notices. Supreme Court, noting that defendant had attested to having produced all relevant and material documents in its possession and that depositions had been scheduled for several of its representatives, denied plaintiffs’ motion as it pertained to defendant. Shortly after that order was entered, depositions were conducted of three witnesses produced by defendant in response to plaintiffs’ demands. Plaintiffs thereafter *1218 moved for leave to renew their motion, arguing that information acquired during the depositions indicated that defendant had not fully complied with their discovery requests and that the witnesses produced were not knowledgeable about several topics set forth in the deposition notices. Supreme Court ordered defendant to provide certain limited budgetary and contractual documents identified by plaintiffs in their moving papers, but otherwise denied the motion. Plaintiffs appeal from those parts of both orders as denied their motions.
Supreme Court did not err in denying plaintiffs’ motion to compel as it pertained to defendant. Plaintiffs’ initial discovery demands requested that defendant produce all documents concerning contracts related to its provision of publicly funded legal representation, the funding and resources available to prosecution and public defense services, and the monitoring, oversight and supervision of the public defense system. They also subsequently sought all documents in defendant’s possession, custody or control related to the four named plaintiffs prosecuted within the county. Defendant produced certain responsive documents, stated that it did not possess information responsive to several of plaintiffs’ other requests and, in opposition to the motion, counsel affirmed that defendant had complied with its disclosure obligations. There was no evidence presented on the motion that defendant had access to or was withholding any of the requested documents. Under these circumstances, we cannot say that Supreme Court abused its broad discretion in determining that defendant had complied, to the extent possible, with plaintiffs’ document demands (see Matter of Scaccia, 66 AD3d 1247, 1250 [2009]).
We do find, however, that Supreme Court erred in denying plaintiffs’ motion to renew in certain respects. To be entitled to renewal, plaintiffs were required to provide new facts that would change the prior determination as well as a justifiable excuse for not providing such facts earlier (see CPLR 2221 [e] [2], [3]; Webber v Scarano-Osika, 94 AD3d 1304, 1305 [2012]; Premo v Rosa, 93 AD3d 919, 920 [2012]). “While we generally decline to disturb the decision to grant or deny a motion to renew, we will do so if there was an abuse of discretion” (M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC, 84 AD3d 1470, 1472 [2011] [internal quotation marks and citation omitted]; see Premo v Rosa, 93 AD3d at 920; First Union National Bank v Williams, 45 AD3d 1029, 1030 [2007]).
In support of the motion to renew, plaintiffs proffered, among other things, portions of the deposition testimony of three witnesses produced by defendant subsequent to Supreme Court’s *1219 denial of plaintiffs’ motion to compel. Testimony adduced from these witnesses revealed the existence of several categories of responsive documents in defendant’s possession that were not produced. Connie Corso, defendant’s Budget Director, referred to a number of budget documents relating to defendant’s provision of indigent legal representation, including (1) annual call letters soliciting budget requests from county agencies, (2) data from defendant’s budget computer system, (3) budget modification requests submitted by the Legal Aid Society of Suffolk County, Inc., and (4) policies and procedures used by the office of defendant’s comptroller to determine which expenses are eligible for reimbursement from defendant. Furthermore, Mark McCarthy, a records officer from defendant’s Sheriff’s Office, testified to the existence of a log book recording attorney visits with incarcerated clients,[2] as well as inmate records contained in a computer database maintained by the Sheriff s Office. Notably, McCarthy stated that he was never asked to pull records for the present lawsuit, nor was he aware of anyone else in his office having been asked to search for documents responsive to plaintiffs’ requests.
These newly discovered facts would have changed the prior determination denying in its entirety plaintiffs’ motion to compel as it related to defendant. Because such documentation was requested by plaintiffs in their discovery demands and is material and relevant to their claims attacking the adequacy of indigent legal representation in the five counties at issue, it was subject to disclosure (see CPLR 3101 [a]; Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]; Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 80 AD3d 199, 200 [2010]; Davis v Cornerstone Tel. Co., LLC, 78 AD3d 1263, 1264 [2010]). Furthermore, these facts could not have been provided on the prior motion to compel given that the depositions had not yet occurred (see M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC, 84 AD3d at 1472; Seifts v Marble, 211 AD2d 848, 849 [1995]). Thus, to the extent set forth above, plaintiffs were entitled to renewal of their motion to compel defendant to conduct a diligent search for and provide complete responses to their document requests.[3]
Renewal of that part of plaintiffs’ motion which sought the *1220 production of knowledgeable witnesses should have, to a large extent, also been granted. “While a municipality, in the first instance, has the right to determine which of its officers or employees with knowledge of the facts may appear for an examination before trial, a plaintiff may demand the production of additional witnesses, upon a showing that the representative already deposed had insufficient knowledge or was otherwise inadequate” (McNeill v City of New York, 40 AD3d 823, 825 [2007] [citations omitted]; see Pomilio-Young v City of New York, 7 AD3d 600, 600 [2004]; Thomas v Benedictine Hosp., 296 AD2d 781, 783 [2002]; D & S Realty Dev. v Town of Huntington, 295 AD2d 306, 308 [2002]; Lotz v Albany Med. Ctr. Hosp., 85 AD2d 836, 837 [1981]).
Plaintiffs requested production of individuals most knowledgeable about various topics. Defendant produced Corso, McCarthy and Joseph Jerger, a representative from defendant’s Probation Department, in response. We find that plaintiffs failed to demonstrate that Jerger possessed insufficient knowledge concerning the subject matter raised in the deposition related to the Probation Department, or that he was otherwise inadequate. As to Corso and McCarthy, while they were able to testify regarding some of the noticed topics, they had little — if any— knowledge as to several critical topics, such as: the allocation of, and the policies and procedures relating to, funding and other resources for the investigation and prosecution of criminal cases (District Attorney’s Office Notice, Topics 4 and 8); the training, supervision and case loads of attorneys prosecuting criminal cases (District Attorney’s Office Notice, Topics 5, 6 and 7); and policies and procedures relating to legal services available to, and attorney visitation and communications with, incarcerated indigent criminal defendants (Sheriffs Office Notice, Topics 7, 9 and 11). Like the documents that were requested — but not provided — by defendant, these matters bear upon several material and relevant issues in this case related to plaintiffs’ claim that indigent criminal defendants in the county are constructively denied counsel, such as the alleged lack of parity between the funding and resources available to criminal legal defense providers and criminal prosecutors, and the purported lack of access that indigent criminal defendants have to their attorneys. Accordingly, plaintiffs must be given the opportunity to depose witnesses possessing sufficient knowledge on the aforementioned topics (see McNeill v City of New York, 40 AD3d at 825; Ramos v New York City Hous. Auth., 202 AD2d 563, 563-564 *1221 [1994]; JMJ Contract Mgt. v Ingersoll-Rand Co., 100 AD2d 291, 292 [1984]).
Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the order entered December 16, 2012 is affirmed, without costs. Ordered that the order entered January 30, 2013 is modified, on the law, without costs, by reversing so much thereof as denied that portion of plaintiffs’ motion to renew as sought to compel defendant County of Suffolk (1) to produce, for deposition by plaintiffs, witnesses possessing sufficient knowledge as to (a) the allocation of, and the policies and procedures relating to, funding and other resources for the investigation and prosecution of criminal cases, (b) the training, supervision and caseloads of attorneys prosecuting criminal cases, and (c) policies and procedures relating to legal services available to, and attorney visitation and communications with, incarcerated indigent criminal defendants; and (2) to diligently search for and produce (a) all budget documents relating to the provision of public defense including, but not limited to, (i) annual call letters soliciting budget requests from county agencies, (ii) data from said defendant’s budget computer system, (iii) budget modification requests submitted by the Legal Aid Society of Suffolk County, Inc., and (iv) policies and procedures used by said defendant’s comptroller’s office to determine which expenses are eligible for reimbursement from said defendant, (b) inmate records related to the named plaintiffs who were prosecuted in said defendant, and (c) attorney visitation logs recording visits with incarcerated clients from January 1, 2006 to present; motion granted to said extent; and, as so modified, affirmed.

. Plaintiffs have also appealed Supreme Court’s December 14, 2012 order denying their motion to withdraw certain plaintiffs as named class representatives in this action (112 AD3d 1213 [2013] [decided herewith]).

. McCarthy noted that attorney visitation logs are discarded after five years.

. While plaintiffs now additionally argue that defendant failed to conduct a comprehensive search for electronically stored information responsive to their discovery requests and provided insufficient documents and responses to their request for information relating to funding and resources for criminal *1220 prosecutions, they presented nothing on the renewal motion to demonstrate the inadequacy or incompleteness of defendant’s responses in that regard.