*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                516853
_____

In the Matter of KEITH M.
    KARNOFSKY,
                        Appellant,
        and                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                        Respondents.
_____

Calendar Date:   January 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Sanders & Sanders, Cheektowaga (Harvey P. Sanders of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondents.

_____

McCarthy, J.P.

        Appeals (1) from an order of the Supreme Court (Devine,
J.), entered July 26, 2012 in Albany County, which, in a
proceeding pursuant to CPLR article 75, among other things,
denied petitioner's motion to hold respondents in contempt of a
prior order of said court confirming an arbitration award, (2)
from an order of said court, entered November 2, 2012, which
denied petitioner's motion to vacate the order entered July 26,
2012, and (3) from an order of said court, entered April 30,
2013, which denied petitioner's motion for leave to renew with
respect to his prior motion to hold respondents in contempt.

Petitioner is a rabbi who was hired as a chaplain within the state correctional system and began working 50% of a full-time position at Attica Correctional Facility, which also included covering the nearby Wende and Wyoming Correctional Facilities, in November 2005. A month later, he began working 20% of a full-time position at Livingston Correctional Facility, which included covering the nearby Groveland Correctional Facility. Between the two assignments and five facilities, petitioner was working 70% of a full-time position, or 28 hours per week. In mid-November 2006, respondent Department of Corrections and Community Supervision (hereinafter DOCCS)[1] notified petitioner that he was being terminated for failing to satisfactorily complete his probationary employment. Petitioner contacted the Department of Civil Service, which responded to petitioner that DOCCS had rescinded the probationary termination. DOCCS then suspended petitioner and filed a notice of discipline, applicable to nonprobationary employees. Pursuant to the state's collective bargaining agreement with petitioner's union, the matter proceeded to arbitration. The arbitrator found that DOCCS did not have cause to issue the notice of discipline or terminate petitioner. As a result, the arbitrator directed DOCCS to "return [petitioner] to his position as Chaplain-Rabbi servicing the 'Attica Hub, Groveland and/or Livingston Correctional Facilities'" and give him back pay "on a straight-time basis."

Petitioner sought to confirm the arbitrator's award and respondents sought to vacate the award. In July 2009, Supreme Court granted petitioner's application to confirm. DOCCS then reinstated petitioner as a chaplain serving the five correctional facilities for 28 hours per week. After a short time, DOCCS cut petitioner's schedule to 20 hours per week. With regard to the monetary portion of the award, DOCCS only provided petitioner with back pay for 50% of a full-time position. Petitioner moved to hold respondents in contempt of the order confirming the arbitration award because they failed to provide back pay for the 20% of a full-time position, as well as hazard pay and interest.

---

[1] Our references to DOCCS include its predecessor, the Department of Correctional Services (see L 2011, ch 62, part C, subpart B, § 79).

Unbeknownst to petitioner, Supreme Court granted respondents an extension to respond to the contempt motion and attempted to notify petitioner of such by letter, but the court misaddressed the envelope and the letter was returned to the court as undeliverable.  When he did not receive a response from respondents, petitioner moved for a default judgment on his motion.  After receiving what appeared to be very late responsive papers, petitioner submitted a reply asking the court to disregard those papers as untimely or, if the court did not do so, to permit petitioner to reply on the merits.  In a July 2012 order, Supreme Court denied the motion for default judgment as moot, considering the extension, and denied the contempt motion.

Upon receiving that order, petitioner discovered that an extension had been granted and that Supreme Court had misaddressed the letter so informing him.  Based on his inability to reply on the merits, petitioner moved to vacate the July 2012 order pursuant to CPLR 317 and 5015 (a).  The court found that petitioner was seemingly seeking leave to renew, rather than to vacate the order, but denied the motion as inadequate. Petitioner then moved for leave to renew, and Supreme Court denied that motion as well.  Petitioner appeals from the July 2012 order, as well as the orders denying his two subsequent motions.

Supreme Court properly denied petitioner's motion to vacate the July 2012 order, but should have granted his motion for leave to renew.  The cited statutory bases for vacatur, CPLR 317 and 5015 (a), are inapplicable to this situation, and the vacatur motion was not identified as seeking leave to renew (see CPLR 2221 [e] [1]).  Petitioner's last motion, however, was identified as seeking renewal (see CPLR 2221 [e] [1]).  Petitioner also satisfied the second element for renewal, namely "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]).  Petitioner explained that he never received the court's letter granting respondents an extension to respond to his contempt motion, and submitted the envelope – obtained from the court's file – showing the incorrect address and the postal marks indicating that the letter had been returned as undeliverable.  He also submitted communications from himself to respondents' counsel and the court indicating his

intent to reply to any response, along with his reply on the default motion asking — in the alternative — that, if the court did not grant him a default judgment, he be provided an opportunity to reply on the merits. This constituted a reasonable justification for his failure to present information on the merits at the time of the original contempt motion (see CPLR 2221 [e] [3]).

Having now granted renewal, we can review the July 2012 order based on the supporting papers originally submitted and those submitted on the renewal motion. When parties dispute the meaning of an arbitration award that has been confirmed, the court must determine the arbitrator's meaning and intent, as expressed in the language of the award and its findings (see Matter of Pine St. Assoc., L.P. v Southridge Partners, L.P., 107 AD3d 95, 100 [2013]). In doing so, the "court should adopt the most reasonable meaning of the text" and, if any ambiguity arises, interpret the award in a light most favorable to the prevailing party (id. at 100). In response to the contempt motion, respondents argued for the first time that petitioner was subject to two probationary periods, one for his 50% position at Attica and one for his 20% position at Livingston. Respondents argue that petitioner's probationary employment for the 20% position began later and he was properly terminated prior to the end of that probationary period, such that the arbitration only dealt with his 50% position. Petitioner contends that he held one position as chaplain for 70% of a full-time position, with one probationary period that ended one year after he began working at Attica. Under petitioner's reasoning, he was never terminated from the 20% position and the arbitration dealt with him as an employee working 70% of a full-time position. While the parties contend that documentary proof supports their respective positions, the record is unclear. DOCCS initially issued separate notices to petitioner terminating his probationary employment, one for Attica and one for Livingston. On the other hand, some of DOCCS's letters refer to a singular termination or position. A Department of Civil Service letter stated that DOCCS rescinded petitioner's probationary termination (singular, not plural), without limiting it to the 50% position. DOCCS then issued a notice of discipline and proceeded to arbitration, again without specifying the extent of the position,

which could have been intended to remove him from his 50% position or his 70% employment.

The arbitrator began his background recitation by stating that petitioner was employed by DOCCS as a chaplain "at its Attica Hub Facility on a part-time basis" on a certain date. Petitioner apparently only had his own office at Attica, had one DOCCS identification card issued by Attica, one supervisor who was at Attica, and other indicia that Attica was his home base for both his 50% position and his 20% position. The arbitrator could have been referring to either a 50% schedule or 70% schedule when saying that petitioner worked "on a part-time basis." His start date, and the associated date for the end of his probationary period, would be the same for the 50% position alone or if, as petitioner asserts, he only had one position equal to 70% of a full-time position. In his conclusion and award, the arbitrator directed DOCCS to "return [petitioner] to his position as Chaplain-Rabbi servicing the 'Attica Hub, Groveland and/or Livingston Correctional Facilities.'" This language seems to clearly indicate that the arbitrator was including the 20% portion of petitioner's employment, and that petitioner had not been terminated from that position. If the arbitrator was not supposed to consider the 20% position, then he had no authority to direct that DOCCS reinstate petitioner as a chaplain at Groveland or Livingston. Yet respondents did not ask the arbitrator to correct or modify his award and did not argue before Supreme Court in 2009 that the award should be vacated on this basis (see CPLR 7511 [b] [1] [iii]). After confirmation in 2009, DOCCS reinstated petitioner to a 70% schedule at all five correctional facilities that he formerly served, until, after a few months, DOCCS reduced his schedule to 50%, realigned the facilities so that the 50% position covered four of the facilities, and then refused to pay petitioner back pay for the 20% position, apparently on the basis of respondents' asserted belief that petitioner had been terminated from that position during his probationary period in 2006. Considering all of the evidence, much of which is equivocal, along with the arbitrator's language in the conclusion and award section of his decision, and interpreting the award in a light most favorable to petitioner, as the prevailing party, we conclude that the arbitrator's award directed that DOCCS return petitioner to his employment as

chaplain-rabbi for both the 50% and 20% positions – or, perhaps more accurately, one 70% position.

Although respondents were required by the arbitration award to give petitioner back pay for the 20% position and failed to do so, we do not find respondents in contempt for failing to comply with the 2009 confirmation order. To establish civil contempt, petitioner was required to prove by clear and convincing evidence that respondents "knowingly disobeyed a clear and unequivocal court order" (Hush v Taylor, 121 AD3d 1363, 1364 [2014]; see Matter of Dobies v Brefka, 83 AD3d 1148, 1153 [2011]). Our interpretation of the arbitrator's award, which differs from the interpretation given by Supreme Court, shows that the confirmation order was not entirely clear. Thus, we decline to find that respondents knowingly violated that order.

As for petitioner's argument that he is entitled to hazard pay as part of his back pay, the arbitrator's award entitled him to be reimbursed for back pay "on a straight-time basis." We interpret this as excluding hazard pay. Although the arbitrator's award does not mention interest, the general rule is that, upon a judgment confirming an arbitration award, "interest should be provided from the date of the award" (Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn., 46 NY2d 553, 558 [1979]; see Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York], 49 AD3d 1074, 1074 [2008], lv denied 11 NY3d 701 [2008]). Inasmuch as the confirmation order did not mention interest – nor would it be expected to, considering that interest is due on the judgment issued after confirmation – petitioner did not establish that respondents are in contempt of that order by failing to pay him interest, despite our current instruction that they must do so.

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the orders entered July 26, 2012 and November 2, 2012 are affirmed, without costs.

ORDERED that the order entered April 30, 2013 is reversed, on the law, without costs, motion to renew granted and, upon renewal, adhere to the denial of the motion for contempt for the reasons stated in this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court