*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    521567
_____

LAKSHMI GROCERY & GAS, INC.,
                        Respondent,

        v

GRJH, INC.,
                        Defendant and        MEMORANDUM AND ORDER
                        Third-Party
                        Plaintiff-
                        Appellant;

RAVINDER SHARMA et al.,
                        Third-Party
                        Defendants-
                        Respondents.
_____


Calendar Date:   February 18, 2016

Before:   Peters, P.J., Garry, Rose and Devine, JJ.

                        _____


        E. Stewart Jones Hacker Murphy, Troy (John F. Harwick of
counsel), for defendant and third-party plaintiff-appellant.

        Hug Law PLLC, Troy (Matthew C. Hug of counsel), for
respondent and third-party defendants-respondents.

                        _____


Garry, J.

        Appeal from a judgment of the Supreme Court (Muller, J.),
entered January 8, 2015 in Warren County, upon a decision of the
court in favor of plaintiff.

        Plaintiff is a corporation owned by third-party defendants,
Ravinder Sharma and Yosho Lakshmi.  In the summer of 2010, Sharma

contacted James Metz, an officer of defendant with whom Sharma had previously had successful business dealings, to inquire about commercial opportunities in New York. Metz responded that a gas station and convenience store owned by defendant was available for lease. After discussions with Metz and defendant's president, Alicia Metz, plaintiff agreed to take over the store and made certain payments to defendant. Third-party defendants signed a combined lease and contractor agreement but, almost immediately after taking control of the store, discovered records indicating that the store's sales were lower than plaintiff had been led to believe. After attempting unsuccessfully to modify the contract terms, third-party defendants vacated the store and requested a refund of their initial payments, which defendant refused to pay.

Plaintiff brought the instant action for rescission of the contract based upon fraudulent inducement. Defendant joined issue and commenced a third-party breach of contract action against third-party defendants. During the subsequent bench trial, plaintiff moved to conform the pleadings to the proof and pursue rescission based upon an additional theory of mutual mistake. Supreme Court granted the motion, found that a mutual mistake had occurred, awarded damages to plaintiff, rescinded the contract and dismissed the third-party action. Defendant appeals.

Supreme Court did not err in granting plaintiff's motion to conform the pleadings to the proof. Such a motion may be made at any time and should be liberally granted "unless doing so results in prejudice to the nonmoving party" (Matter of Mogil v Building Essentials, Inc., 129 AD3d 1378, 1380 [2015]; see CPLR 3025 [c]; Murray v City of New York, 43 NY2d 400, 405 [1977]; Lewis & Clarkson v October Mtn. Broadcasting Co., 131 AD2d 15, 17 [1987]). Plaintiff's complaint alleged that defendant acted intentionally in misrepresenting the store's sales as being greater than they actually were. At trial, Sharma testified that before he signed the contractor agreement, he repeatedly asked for the store's inside sales figures – that is, sales of such items as groceries, coffee and cigarettes, which he testified are a critical factor in a convenience store's profitability. Early in September 2010, Alicia Metz responded with an email stating

that the store's sales for August 2010 totaled approximately $22,000. Several days after taking over the store, however, Sharma discovered sales records revealing that the true figure for August 2010 was approximately $15,500, an amount that he testified was too low to permit the successful operation of the store. He stated that he would not have signed the contract if he had known the correct sales figures. Alicia Metz testified that the figures she provided to Sharma actually represented the store's inside sales for August 2009 and were provided as "representative sales" because the complete figures for August 2010 were not yet available. She stated that she "mismarked" the figures as representing August 2010 sales, acting in error and good faith.

The burden was upon defendant, as the party opposing plaintiff's motion, to establish that it was "hindered in the preparation of [its] case or . . . prevented from taking some measure in support of [its] position" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]; accord Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). That burden cannot be met when the difference between the original pleading and the evidence results from "proof admitted at the instance or with the acquiescence of [the opposing] party" (Murray v City of New York, 43 NY2d at 405). Here, the proof upon which plaintiff's motion was based was the testimony of defendant's president that she acted mistakenly in providing the wrong sales figures to Sharma. Given this testimony, defendant cannot have been surprised or unduly prejudiced by plaintiff's assertion of the theory of mutual mistake; thus, leave to conform the pleadings to the proof was properly granted (see Kimso Apts., LLC v Gandhi, 24 NY3d at 414; Murray v City of New York, 43 NY2d at 406; Bay Plaza Estates v New York Univ., 257 AD2d 472, 473 [1999]; Weisberg v My Mill Holding Corp., 205 AD2d 756, 757 [1994]).

Supreme Court did not err in rescinding the contract on the basis of mutual mistake. A contract may be rescinded when it is shown by clear and convincing proof that a mutual mistake existed when the contract was executed that was so substantial that there was no "true meeting of the parties' minds" (Carney v Carozza, 16 AD3d 867, 868-869 [2005]; see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453

[1993]; <u>Adalian v Stuyvesant Plaza</u>, 288 AD2d 789, 791 [2001]). Here, the testimony that defendant's president acted erroneously in sending incorrect sales figures to Sharma, as well as Sharma's testimony that the true figures were not discovered until after the contract was signed and were too low to permit successful operation of the business, constituted clear and convincing proof that a substantial mutual mistake occurred such that there was no meeting of the minds as to the basis for the store's profitability (see <u>Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.</u>, 81 NY2d at 453).

As for defendant's claim that plaintiff was negligent in failing to obtain more complete sales records before signing the contract, negligence may bar rescission when a party fails to take advantage of "easily accessible" means of ascertaining the truth (<u>Da Silva v Musso</u>, 53 NY2d 543, 551 [1981] [internal quotation marks and citation omitted]; <u>accord</u> <u>Gitelson v Quinn</u>, 118 AD3d 403, 404 [2014]). Here, in addition to Sharma's testimony that he asked repeatedly for the August 2010 sales records before receiving what proved to be erroneous information, he also testified that he asked to inspect the store's books but was not permitted to do so. Sharma stated that he was told that he could visit the store while posing as a customer, but could not speak to employees or inspect sales records. Alicia Metz and James Metz both denied that Sharma had asked to inspect the store's records, but Alicia Metz admitted that defendant had a policy of prohibiting prospective contractors from speaking with employees to avoid warning them of the potential transfer. Sharma testified that he trusted James Metz based upon their longstanding business relationship and relied upon his assurances that the store was profitable. Supreme Court credited Sharma's testimony that a level of trust existed between them and found that plaintiff's exercise of due diligence, although minimal, was reasonable. Upon this Court's independent assessment of the weight of the evidence supporting the judgment in a nonjury trial, we "giv[e] due deference to the trial court's determinations of witness credibility unless such findings are contrary to a fair interpretation of the evidence" (<u>Mazza v Fleet Bank</u>, 16 AD3d 761, 762 [2005]). Given plaintiff's lack of ready access to the store records and the longstanding trusting relationship between Sharma and James Metz, we find no negligence

sufficient to bar rescission (compare Da Silva v Musso, 53 NY2d at 550-551).  Accordingly, Supreme Court properly dismissed defendant's third-party action.

Peters, P.J., Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court