■ REBECCA J. NOBLE, Appellant, v JAMES A. SLAVIN et al., Respondents. [54 NYS3d 200]—

McCarthy, J.P. Appeal from an order and judgment of the Supreme Court (Zwack, J.), entered November 24, 2015 in Rensselaer County, upon a dismissal of the complaint at the close of plaintiff's case.

In January 2009, plaintiff fell and injured her left leg while bowling. Plaintiff was taken by ambulance to a hospital and was treated for a broken leg and a soft cast was put on. Plaintiff was instructed to see an orthopedic surgeon and thereafter went to defendant Burdett Orthopedics on January 26, 2009 and was treated by defendant James A. Slavin, an orthopedic surgeon, who took X rays and eventually placed plaintiff's leg in a hard cast. Plaintiff returned to Slavin for further treatment. Thereafter, plaintiff observed that her left foot had healed crooked and, after seeking an additional opinion from an orthopedic surgeon regarding her condition, underwent surgery on September 21, 2009.

Plaintiff subsequently commenced this medical malpractice

action against defendants alleging, among other things, that defendants were negligent in their misdiagnosis and care of plaintiff. Defendants joined issue, and plaintiff subsequently filed a bill of particular and a supplemental bill of particulars. In the bill of particulars and supplemental bill of particulars, plaintiff specified dates upon which she alleged defendants' negligence occurred. Notably, plaintiff did not specifically allege that defendants were negligent on January 26, 2009, the first date upon which plaintiff received treatment from Slavin. However, plaintiff's supplemental bill of particulars identified January 26, 2009 as a date that she received treatment from Slavin and further specified that Slavin was negligent in "failing to inspect, document and treat the alarming degree of misalignment and deformity of . . . [p]laintiff's leg, foot and ankle as a result of repeated imaging studies" and "in failing to perform closed reduction of the left lower extremity fracture to ensure proper alignment." Trial commenced in October 2015, and, after the conclusion of plaintiff's proof, defendants moved for a trial order of dismissal, based on, among other things, the fact that plaintiff's orthopedic surgeon expert witness addressed the care that plaintiff received on January 26, 2009 but did not specifically address care given on the subsequent dates specified in the bills of particulars. Plaintiff cross-moved to conform the pleadings to the proof aduced at trial. Supreme Court (Zwack, J.) found that the testimony of plaintiff's expert went beyond the scope of the bills of particulars and granted defendants' motion for a trial order of dismissal, implicitly denying plaintiff's cross motion. Plaintiff appeals.

We agree with plaintiff that Supreme Court improvidently exercised its discretion in denying her cross motion to conform the pleadings to the proof. A motion to conform the pleadings to the proof "may be made at any time and should be liberally granted 'unless doing so results in prejudice to the nonmoving party' " (*Lakshmi Grocery & Gas, Inc. v GRJH, Inc.*, 138 AD3d 1290, 1291 [2016], quoting *Matter of Mogil v Building Essentials, Inc.*, 129 AD3d 1378, 1380 [2015]; *see* CPLR 3025 [c]; *Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]). As the parties opposing such amendment, defendants had the burden of establishing that they had been prejudiced, that is that they "ha[d] been hindered in the preparation of [their] case or ha[d] been prevented from taking some measure in support of [their] position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *accord Lakshmi Grocery & Gas, Inc. v GRJH, Inc.*, 138 AD3d at 1291; *see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411). That burden cannot be met when the difference between the original pleading and the evidence results from " 'proof

admitted at the instance or with the acquiescence of [the opposing] party' " (*Lakshmi Grocery & Gas, Inc. v GRJH, Inc.*, 138 AD3d at 1291, quoting *Murray v City of New York*, 43 NY2d 400, 405 [1977]).

Here, plaintiff's expert orthopedic surgeon gave testimony regarding Slavin's failure to meet the standard of care. In doing so, the expert referred to an X ray of plaintiff's leg taken January 26, 2009 and generally testified to Slavin's negligence in failing to recognize from such X ray the need to perform a closed reduction on plaintiff's injured leg. Notably, at no point did defendants object to this testimony as being beyond the scope of the pleadings, and defendants proceeded to cross-examine plaintiff's expert regarding the treatment on January 26, 2009.

Thus, as defendants acquiesced to the introduction of the evidence of Slavin's negligence on January 26, 2009,* they could not meet their burden when they later opposed plaintiff's cross motion to conform the pleadings to the proof adduced at trial (*see Murray v City of New York*, 43 NY2d at 405; *Weisberg v My Mill Holding Corp.*, 205 AD2d 756, 757 [1994]). Even if this were not the case, defendants failed to meet their burden of establishing prejudice. Defendants' contentions that they had been unprepared for cross-examination of plaintiff's expert was conclusory, as defendants failed to offer a single example as to the manner in which the introduction of evidence that Slavin was negligent on January 26, 2009 hindered their cross-examination. Morever, defendants' claims that they were prejudiced by the introduction of the January 26, 2009 negligence were unsupported by specific examples or proof in the record. More generally, the record establishes that plaintiff had plainly notified defendants by their bills of particulars that plaintiff had been treated by Slavin on January 26, 2009 and that Slavin's negligence included his failure to recognize, from imaging studies, the need to perform a closed reduction on plaintiff's injured leg. Considering the foregoing, defendants failed to meet their burden of establishing that they were prejudiced by the introduction of evidence that, on January 26, 2009, Slavin negligently interpreted imaging studies and failed to recognize the need for a closed reduction. Given defendants' acquiescence to the proof of Slavin's negligence on this date

---

* As plaintiff notes, defendants' failure to offer a timely objection to the testimony of plaintiff's expert on the ground that his opinion regarding Slavin's negligence exceeded the scope of the pleadings deprived plaintiff of any notice of the need to ask the expert further questions about Slavin's care on the later dates specified in the bills of particulars.

and their failure to establish prejudice as a result of the introduction of that evidence, plaintiff's cross motion to amend the pleadings to conform to the proof adduced at trial should have been granted (*see Kimso Apts., LLC v Gandhi*, 24 NY3d at 414; *Weisberg v My Mill Holding Corp.*, 205 AD2d at 757; *see generally Lakshmi Grocery & Gas, Inc. v GRJH, Inc.*, 138 AD3d at 1292; *Frank v Nowicki*, 270 AD2d 454, 454 [2000]). Given the foregoing, plaintiff plainly made out a prima facie case of medical malpractice, and therefore Supreme Court erred in granting defendants' motion for a trial order of dismissal (*see Majid v Cheon-Lee*, 147 AD3d 66, 72 [2016]; *cf. Bunea v Cahaly*, 37 AD3d 389, 391 [2007]). Defendants remaining contentions in favor of affirmance have been considered and are unpreserved and/or without merit.

Garry, Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.