Matter of Abele Tractor & Equip. Co., Inc. v Schaeffer (2018 NY Slip Op 08719)





Matter of Abele Tractor & Equip. Co., Inc. v Schaeffer


2018 NY Slip Op 08719


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

524586

[*1]ABELE TRACTOR & EQUIPMENT CO., INC., Appellant,
v
CHARLES SCHAEFFER SR., Doing Business as AUTO SOLUTIONS, Also Known as AUTO SOLUTIONS OF NEW YORK, INC., Formerly Known as AUTO SOLUTIONS OF GLENVILLE, INC., et al., Defendants, and TRUSTCO BANK CORP., NY, Respondent.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for appellant.
Bailey, Johnson & Peck, PC, Albany (John W. Bailey of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from an order of the Supreme Court (McGrath, J.), entered August 22, 2016 in Rensselaer County, which, among other things, partially granted a motion by defendant Trustco Bank Corp., NY for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered February 14, 2017 in Rensselaer County, which, among other things, denied plaintiff's cross motion to reargue and/or renew.
Defendant John A. Paige, Jr., Contracting, Inc. (hereinafter Paige) had a longstanding credit relationship with defendant Trustco Bank Corp. NY whereby Trustco loaned Paige funds for residential construction and for acquisition of construction vehicles and equipment. Among other transactions, Paige borrowed funds from Trustco to purchase equipment — $100,000 in September 2004 and $200,000 in July 2006. In connection with both equipment loans, Paige executed security agreements that created a security interest in, among other things, all goods, machinery and equipment "now owned or hereafter acquired," and Trustco filed a financing statement with the Department of State covering such collateral.
In the summer of 2013, Paige's president, John A. Paige Jr., advised Trustco representatives that Paige was unable to continue to make the required installment payments on its indebtedness totaling approximately $2 million, and that he intended to sell certain items of machinery and equipment owned by Paige to plaintiff — a dealer in such equipment — and use the proceeds to pay Paige's subcontractors and suppliers. Trustco's representatives advised Paige that its security interest precluded sale of the machinery and equipment without its consent. Nonetheless, pursuant to a bill of sale dated November 1, 2013, Paige sold the machinery and equipment to plaintiff for $342,500. In the bill of sale, Paige represented that the only liens on the equipment were two equipment-specific liens held by creditors other than Trustco. Plaintiff paid Paige $15,000 on execution of the bill of sale and agreed to pay the balance by November 15, 2013.
Upon becoming aware of the bill of sale, Trustco advised Paige that the sale of the equipment to plaintiff could not be completed without its consent and that it would release its lien on receipt of $210,000. Trustco subsequently hired defendant Charles Schaeffer Sr.[FN1] to repossess the equipment. Schaeffer repossessed the equipment on December 28, 2013. Following repossession, plaintiff's principal, Rodney Abele, contacted Schaeffer requesting that the equipment be released to it based on its agreement to purchase the equipment from Paige. Abele alleged that, during that telephone conversation, Schaeffer indicated that he would continue to withhold the equipment, thereby increasing storage charges, unless plaintiff agreed to sell him one of the repossessed vehicles — a 2003 Mack dump truck. Abele further alleged that Schaeffer also asserted that Schaeffer had discussed the matter directly with Robert McCormick, the president and chief executive officer of Trustco, who advised Schaeffer that he could "do whatever [he] want[ed] to do" with the repossessed property. On January 13, 2014, Trustco provided a payoff letter that included repossession charges billed by Schaeffer.
Plaintiff commenced this action on January 14, 2014 alleging, among other things, that Trustco had tortiously interfered with its contract with Paige. Approximately two weeks later, plaintiff received delivery of the equipment. Thereafter, Trustco and Schaeffer separately moved for summary judgment dismissing the complaint against them. In an August 2016 order, Supreme Court granted Trustco's motion to the extent of finding that Trustco and Schaeffer had acted properly in repossessing the equipment, and otherwise denied both motions. In a February 2017 order, Supreme Court denied plaintiff's subsequent cross motion to reargue and renew. Plaintiff appeals both orders.
The complaint alleges facts that — although not specifically denominated as such — state a cause of action for tortious interference with contract against Trustco, based on both its own conduct and Schaeffer's conduct. The elements of tortious interference with contract are "the existence of [a] valid contract with a third party, [the] defendant's knowledge of that contract, [the] defendant's intentional and improper procuring of a breach, and damages" (White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). "In response to such a claim, a defendant may raise the economic interest defense — that it acted to protect its own legal or financial stake in the breaching party's business[; a] defense [that] has been applied, for example, . . . where [the] defendant was the breaching party's creditor" (id.).
Supreme Court properly found that Trustco was entitled to repossess the equipment from Paige, without providing either notice of default or prior notice of repossession, to protect its own financial stake. In support of its summary judgment motion, Trustco submitted the 2004 and 2006 security agreements that provided it with a security interest in Paige's goods, machinery and equipment which, notably, secured all of Paige's obligations to Trustco [FN2]. According to the [*2]security agreements, the failure to comply with any of their provisions is an event of default. Paige's sale of the equipment to plaintiff on November 6, 2013 — an undisputed fact upon which plaintiff's claims are entirely founded — conclusively establishes that an event of default occurred before Trustco repossessed the equipment in December 2013 [FN3]. Based on Paige's default, Trustco was entitled to take possession, without notice, of all collateral in which it had a valid security interest (see UCC 9-609 [a] [1]; [b] [2]).[FN4]
Trustco had a valid perfected security interest in each of the items that it seized, except the items covered by certificates of title. Trustco's security interest in the titled items was not perfected because it had not filed notices of lien on such items with the Department of Motor Vehicles (see UCC 9-311 [b]; Vehicle and Traffic Law § 2118 [b] [2] [B]). An unperfected security interest may be enforced directly against a debtor (see UCC 9-201, 9-203 [a], [b]); perfection is relevant only to resolve the priority of competing claims (see UCC
9-322). Thus, Trustco was entitled to repossess the equipment from Paige — even the titled items — subject to its potential liability to any party that may have ultimately been able to establish a superior claim.
Supreme Court properly denied as premature that part of Trustco's summary judgment motion seeking dismissal of plaintiff's tortious interference with contract and tortious interference with prospective business relations claims on the basis that it was not liable for the acts of Schaeffer. Despite plaintiff's repeated requests, McCormick had not yet been deposed, and his deposition may reveal evidence on issues relevant to the disputed element of control (see CPLR 3212 [f]; Schwengber v Hultenius, 160 AD3d 1083, 1085 [2018]; Gitman v Martinez, 139 AD3d 1175, 1176 [2016]; Spellburg v South Bay Realty, LLC, 49 AD3d 1001, 1002-1003 [2008]). We further conclude that there is an issue of fact that precludes the grant of summary judgment to either party regarding plaintiff's claim for damages, pursuant to UCC article 9, based on the manner of repossession and disposition of the equipment. In that regard, we agree with plaintiff that Supreme Court erred in concluding that plaintiff was not a debtor, as defined by UCC 9-102 (a) (28) (A), to which Trustco owed independent duties under UCC article 9 (see e.g. UCC 9-625 [c] [1]). A debtor is "a person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor" (UCC 9-102 [a] [28] [A]) who, therefore, has "a stake in the proper enforcement of a security interest by virtue of their non-lien property interest (typically, an ownership interest) in the collateral" (McKinney's Cons Law of NY, Book 62½, UCC 9-102, Official Comment at 353 [2016 ed]). The bill of sale, by which Paige sold and conveyed the equipment to plaintiff, was effective to transfer title to the equipment, except the titled vehicles, when it was executed (see UCC 2-401 [3] [b]; see also Goodrich v WFS Financial, Inc., 2007 WL 607390, *2, 2007 US Dist LEXIS 11620, *6-7 [ND NY 2007]). This transfer was effective, notwithstanding the provisions of the security agreement that prohibited the sale of the equipment without Trustco's consent (see UCC 9-401 [b]).
Turning to plaintiff's appeal from the February 2017 order, to the extent that plaintiff's motion sought reargument, Supreme Court's denial of said motion is not appealable (see Matter of Walker v Lippman, 145 AD3d 1330, 1331 [2016], appeal dismissed 29 NY3d 981 [2017]). Supreme Court properly denied plaintiff's motion to renew (see Matter of Karnofsky [New York [*3]State Dept. of Corr. & Community Supervision], 125 AD3d 1198, 1200 [2015]). The parties' remaining arguments have been considered and found to lack merit.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order entered August 22, 2016 is modified, on the law, without costs, by reversing so much thereof as found that plaintiff was not a debtor, and, as so modified, affirmed.
ORDERED that the order entered February 14, 2017 is affirmed, without costs.



Footnotes

Footnote 1: Plaintiff alleged that Schaeffer did business as Auto Solutions or Auto Solutions of New York, Inc. — a corporation that plaintiff alleged was formerly known as Auto Solutions of Glenville, Inc. — and that the Department of State had no record of an active corporation under either corporate name.

Footnote 2: We may not consider plaintiff's argument that Trustco's motion was not supported by duly-authenticated evidence, as required by CPLR 3212 (b), because it was made for the first time on appeal (see Dumervil v Port Auth. of N.Y. & N.J., 163 AD3d 628, 629 [2018]; Matter of Hoge [Select Fabricators, Inc.], 96 AD3d 1398, 1399 [2012]; Charest v K Mart of NY Holdings, Inc., 71 AD3d 471, 471 [2010]).

Footnote 3: Trustco also alleged that Paige was in default based on the statements made by Paige's president advising it that Paige had suffered a serious downturn in business that would prevent it from repaying its debts to Trustco and, further, that he intended to sell the equipment that was subject to Trustco's security interest to pay suppliers and subcontractors. Plaintiff does not dispute that Trustco was aware that Paige was experiencing significant financial distress.

Footnote 4: Thus, contrary to plaintiff's contentions, Trustco was not obligated to accelerate the debt or provide notice to the debtor prior to taking possession of the equipment.