Matter of James H. Supplemental Needs Trusts (2019 NY Slip Op 03713)





Matter of James H. Supplemental Needs Trusts


2019 NY Slip Op 03713


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

526474

[*1]In the MATTER OF THE JAMES H. SUPPLEMENTAL NEEDS TRUSTS. KATHLEEN TOOMBS, as Guardian of the Property of JAMES H., Respondent; JOHN H., as Trustee, Appellant.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Law Offices of David A. Antwork, PC, Merrick (David A. Antwork of counsel), for appellant.
Kathleen Toombs, Schenectady, pro se, and Nicholas E. Tishler, Niskayuna, for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals (1) from an order, judgment and decree of the Supreme Court (Buchanan, J.), entered June 12, 2017 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to EPTL 7-2.6, to remove respondent as trustee of certain supplemental needs trusts, and (2) from an order of said court, entered September 26, 2017 in Schenectady County, which, among other things, upon reargument, adhered to its prior decision.
James H., who suffers from mental illness and has been deemed an incapacitated person, is the named beneficiary of five supplemental needs trusts (hereinafter SNTs). Respondent, James H.'s brother, is named as trustee of three of those SNTs. In 2015, following the death of their mother, James H.'s cancer diagnosis and a deterioration in the brothers' relationship, James H. began to have financial difficulties and Mental Hygiene Legal Service successfully petitioned to have a guardian appointed for his property. Thereafter, petitioner — the court-appointed guardian — began working with James H. and requested that respondent make various distributions from the SNTs and provide documentation related to James H.'s health and dental insurance. Respondent was reticent to do so. Petitioner eventually filed an application pursuant to EPTL article 7 seeking to remove respondent as trustee of a first-party SNT. At the hearing, petitioner orally moved to amend her petition to encompass all three SNTs over which respondent was a trustee. Supreme Court granted petitioner's amended application and removed respondent as trustee of the three SNTs. Subsequently, respondent moved to reargue and renew. [*2]Respondent appeals both the original order removing him as trustee and the subsequent order granting reargument and adhering to the prior determination.[FN1]
Supreme Court did not abuse its discretion in permitting petitioner to amend the petition. Initially, respondent did not argue in Supreme Court that the amendment was improper based on venue, rendering that argument unpreserved for our review. "A motion to conform the pleadings to the proof may be made at any time and should be liberally granted unless doing so results in prejudice to the nonmoving party" (Noble v Slavin, 150 AD3d 1345, 1346 [2017] [internal quotation marks and citations omitted]; see CPLR 3025 [c]; Murray v City of New York, 43 NY2d 400, 405 [1977]). An opposing party cannot meet its burden to show prejudice "when the difference between the original pleading and the evidence results from proof admitted at the instance or with the acquiescence of the opposing party" (Noble v Slavin, 150 AD3d at 1346-1347 [internal quotation marks, brackets and citations omitted]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 413 [2014]; Lakshmi Grocery & Gas, Inc. v GRJH, Inc., 138 AD3d 1290, 1292 [2016]). Whether to allow amendment of pleadings is left to the court's sound discretion (see Kimso Apts., LLC v Gandhi, 24 NY3d at 411; Murray v City of New York, 43 NY2d at 405; Noble v Slavin, 150 AD3d at 1346).
Petitioner's original application referenced numerous family trusts and sought removal of respondent as trustee for the first-party SNT for which James H. was beneficiary. The petition indicated that there were three SNTs but noted that petitioner was not sure that she had all the trust documents and information. The petition requested that respondent be required to provide documents and clarify the various trusts, accounts they held and evidence of their funding and, if respondent had failed to fund any trust, that the court take necessary action. In opposition, respondent provided the trust documents for six SNTs in which James H. was named as a beneficiary, noting that one had not been executed, respondent was named as a trustee of three and only one had been funded. The two unfunded SNTs of which respondent was a trustee were to be funded with assets from the estate of respondent's and James H.'s mother, who died in 2014; respondent had not acted — either in his role as trustee or as executor of the mother's estate — to ensure that those two trusts were funded.
To the extent that respondent argues that he was prejudiced because he did not have notice that the third-party SNTs would be the subject of the underlying proceeding, such contention is belied by the record, which shows that both the original petition and respondent's opposition papers reference the various trusts, including the third-party SNTs, that listed James H. as beneficiary (see Noble v Slavin, 150 AD3d at 1346-1347; Lakshmi Grocery & Gas, Inc. v GRJH, Inc., 138 AD3d at 1292). Moreover, respondent's ability to formulate his defense was not impeded by the fact that the initial petition did not seek his removal as trustee of the third-party SNTs because his defense for all the trusts is essentially the same — that he was performing well as trustee (see Kimso Apts., LLC v Gandhi, 24 NY3d at 412; Noble v Slavin, 150 AD3d at 1347-1348; compare Young v Zwack, Inc., 98 AD2d 913, 914 [1983])[FN2]. Thus, Supreme Court did not abuse its discretion in granting petitioner's motion to amend the pleadings.
Supreme Court did not err in removing respondent as trustee. A trustee may be removed if he or she "has violated or threatens to violate his or her trust or is otherwise unsuitable to execute the trust" (Matter of Joan Moran Trust, 166 AD3d 1176, 1179 [2018] [*3][internal quotation marks and citation omitted]; see EPTL 7-2.6 [a] [2]; Matter of Giles, 74 AD3d 1499, 1503 [2010]). When evaluating a trustee's conduct, the relevant inquiry is whether the trustee has negatively impacted the trust or failed to serve the purpose of the trust (see Matter of Levinson, 166 AD3d 1196, 1197-1198 [2018]; Matter of Giles, 74 AD3d at 1503). Although discord between the trustee and others involved with the trust, standing alone, is typically an insufficient basis for removal, such conflict may support removal if the conflict thwarts proper administration of the trust or otherwise subverts the purpose of the trust (see Matter of Mergenhagen, 50 AD3d 1486, 1488 [2008]; Matter of Duell, 258 AD2d 382, 382-383 [1999]; Hoopes v Bruno, 128 AD2d 991, 993-994 [1987]; Matter of Edwards, 274 App Div 244, 247-248 [1948]; Matter of Angell, 268 App Div 338, 344 [1944], affd 294 NY 923 [1945]).
Petitioner's application to have respondent removed as trustee is based not only on her difficulty communicating with respondent, but also on his refusal to timely pay for various expenses of James H., including eyeglasses, dental care, transportation and medical treatments. Pursuant to the terms of the SNTs, their purpose is to supplement the government benefits that James H. receives, and respondent, as trustee, has the authority to spend the income and principal for James H.'s benefit, though the principal should only be spent if James H.'s standard of living cannot be maintained otherwise. Petitioner submitted various email correspondence showing that respondent responded to her in a rude and demanding manner, failed to timely submit the Medicaid spend down for one month resulting in a delay in James H.'s services, refused to provide payment for a mattress topper recommended by James H.'s doctor, refused to provide James H. with money to cover the cost of health care incidentals and refused to pay for James H.'s oral surgery and hyperbaric treatments. Respondent also took more than six months to reimburse the cost of James H.'s eyeglasses.
Although respondent had an obligation to ensure that the trust disbursed only proper payments, the record indicates that he struggled to understand the parameters of and proper payments under an SNT, he requested excessive proof of expenses and often did not timely pay requests even when proper proof was submitted. By the time of the hearing, respondent had paid all outstanding bills and requests by petitioner, though it appeared he had done so only at his counsel's urging and due to the pendency of the application for his removal. Respondent offered to have his counsel act as an intermediary to avoid any conflicts with petitioner, but the record indicates that respondent often disagreed with the advice given by his counsel and he changed attorneys regularly. Respondent had also improperly used trust funds to pay bills for his own counsel. Further, respondent had failed to seek funding for two SNTs over which he was trustee. Supreme Court found that respondent's actions, including his refusal to make appropriate payments, were tainted by his conflicting interests as both trustee and remainder beneficiary of the SNTs. Supreme Court properly removed respondent as trustee because the contentious relationship between petitioner and respondent, as well as the strained relationship between respondent and James H., have impeded proper administration of the SNTs, considering that respondent often takes issue with petitioner's actions and retaliates by refusing to proffer payment from the SNTs for appropriate expenses (see Matter of Mergenhagen, 50 AD3d at 1488; Matter of Duell, 258 AD2d at 382-383; Matter of Edwards, 274 App Div at 348; Matter of Angell, 268 App Div at 344; compare Matter of Joan Moran Trust, 166 AD3d at 1180-1181). Additionally, the record shows that respondent is unsuitable to execute the SNTs given that he does not understand the SNTs or what expenses are permissible under the trust agreements, which makes it difficult for him to perform his most basic duties as trustee (compare Matter of Joan Moran Trust, 166 AD3d at 1180-1181; Matter of Giles, 74 AD3d at 1503-1504).
Supreme Court did not abuse its discretion in adhering to its prior decision upon reargument and in denying respondent's motion to renew. Respondent's grounds for reargument were that the court erred in granting petitioner's motion to amend the pleadings. As we have already determined that the court did not abuse its discretion in granting the amendment, we conclude that the court did not err in, upon reargument, adhering to that decision. A motion to renew must be based on new facts not previously offered that would change the prior determination and must contain a reasonable justification for the failure to present such facts on the original motion (see CPLR 2221 [e]; Matter of Karnofsky [New York State Dept. of Corr. & Community Supervision], 125 AD3d 1198, 1200 [2015]; Hurrell-Harring v State of New York, [*4]112 AD3d 1217, 1218 [2013]). "[A] motion to renew is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance" (Howard v Stanger, 122 AD3d 1121, 1123 [2014] [internal quotation marks and citation omitted], lv dismissed 24 NY3d 1210 [2015]; accord Scott v Thayer, 160 AD3d 1175, 1178 [2018]). Only if the trial court abused its discretion will we disturb the decision on a motion to renew (see Hurrell-Harring v State of New York, 112 AD3d at 1218; M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC, 84 AD3d 1470, 1472 [2011]). Respondent explained that the information he presented on his motion to renew had been in his possession prior to his response to the original motion, but he had not presented it at that time on the advice of counsel. Because respondent did not offer new facts and his litigation strategy — which he now regrets — does not constitute a justifiable excuse for failing to present the information earlier, Supreme Court did not abuse its discretion in denying that part of respondent's motion seeking renewal (see DeMaille v State of New York, 166 AD3d 1405, 1408 [2018]; Scott v Thayer, 160 AD3d at 1177-1178; Johnson v Title N., Inc., 31 AD3d 1071, 1072 [2006]; compare Matter of Karnofsky [New York State Dept. of Corr. & Community Supervision], 125 AD3d at 1200; Hurrell-Harring v State of New York, 112 AD3d at 1219).
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order, judgment and decree entered June 12, 2017 and the order entered September 26, 2017 are affirmed, with costs.



Footnotes

Footnote 1: Although the order stated that the motion to reargue and renew was denied, where "the court actually addresses the merits of the moving party's motion," it is presumed that the court "granted reargument and adhered to its prior decision" (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [2015], lv denied 25 NY3d 912 [2015]; see Cloke v Findlan, 165 AD3d 1545, 1546-1547 [2018]).

Footnote 2: Although respondent argues that it was improper for Supreme Court to consider the two additional SNTs because the successor trustees named in those trust documents were not given notice, he does not have standing to raise arguments on behalf of those entities.